### BINGHAM v SHOUP et

Ohio Appeals, 2nd Dist, Greene Co

No 421. Decided May 19, 1936

R. R. Cross, Dayton, for plaintiff.
Marcus Shoup, Xenia, for defendant.

## OPINION

By BODEY, J.

This cause originated in the Common Pleas Court and is before us on appeal.

Plaintiff prays that the defendant, Marcus Shoup, as executor, be ordered to specifically perform a contract theretofore alleged to have been entered into by the parties, whereby plaintiff agreed to purchase and said defendant agreed to sell a farm of 244.28 acres.

By his answer the defendant admits his appointment as executor, that his decedent was the owner of said farm at the time of her death and that he was directed to sell said farm by the provisions of said will. Defendant then denies the remaining allegations of the petition.

The evidence discloses that considerable discussion concerning the sale of the farm in question was had between the parties and one Marshall M. Whorley, a real estate broker, prior to May 1, 1935 and that on said date the parties entered into the contract upon which plaintiff bases his action. Said contract, which was introduced as Plaintiff's Exhibit 7, reads as follows:

"This agreement made and entered into at Dayton, Ohio, this 1st day of May, 1935, by and between Marcus Shoup of Xenia, Ohio, executor of Ross A. Ankeney, and Warren E. Bingham and M. M. Whorley of Dayton, Ohio, WITNESSETH, Whereas the said Marcus Shoup, under the provisions of the will of the above decedent is directed to sell certain real estate of the decedent, including a farm of approximately 244 acres of land situated in Beavercreek Tp., Greene County, Ohio, and whereas the said Bingham is desirous of purchasing the same, said Whorley acting as agent for said Bingham,' the said Shoup, for and in consideration of $1.00, receipt of which is hereby acknowledged, the said Shoup gives and grants unto the said Bingham and his agent, Whorley, the exclusive right and option to-purchase at any time prior to 12 o'clock P. M. May 20th, 1935, said farm as above stated, the purchase price of said realty to be on the basis of $60.00 per acre, said purchase amount to be paid in cash on or before the 20th day of May, 1935, and the said Shoup agrees upon the payment to him of said purchase price to tender to said Bingham a good and sufficient deed, free and clear of all incumbrances. This agreement of option is granted by the said Shoup in order that said Bingham may complete a loan for the purchase amount, from The Winters Bank of Dayton, Ohio, or other Bank that effects such loan, said Shoup hereby grants as stated above sole option to said Bingham to purchase said realty up to the period as above stated. Said parties have agreed that due to the indefiniteness and period of time that it might require, if and when it might be possible for the said Bingham to obtain a Federal Farm Loan, that no proceedings or instruments be executed for the purpose of endeavoring to obtain a loan through that source.

In Witness Whereof the said parties have set their hand to triplicates on this 1st day of May, 1935.

Marcus Shoup
Warren E. Bingham
M. M. Whorley, Agent.

In the event that there be some delay in obtaining the purchase amount by the said Bingham, and not created by any default on his part, it is hereby agreed and understood that the said Shoup will grant an additional week from and after the 20th day of May for the completion of said payment.

Marcus Shoup
Warren E. Bingham
M. M. Whorley, Agent."

The evidence further shows that, for the purpose of concluding the purchase of this farm, plaintiff had been granted a loan of $15,000.00 by The Winters National Bank & Trust Company of Dayton, Ohio on April 16, 1935, said loan to be made if the title to the farm was good; that at the request of plaintiff the defendant, Shoup, procured an abstract or record of the title to be prepared by one Hatfield, which abstract was completed on May 13, 1935, and immediately turned over to plaintiff; that the attorneys for the Bank declined to pass said title because of the fact that there had been no administration upon the estate of Alice Beck, a former owner of an undivided portion of said farm, and because there had been no determination of inheritance tax in connection with the succession to her estate; that by reason of this supposed defect The Winters National Bank & Trust Company would not turn over to plaintiff the amount of said loan and that no tender of the purchase price was ever made by plaintiff to defendant. The evidence further shows that the question of the alleged defect in the title was taken up with the defendant but the evidence is in dispute concerning the actions of defendant with reference to the same. Plaintiff and the broker, Whorley, testify that defendant agreed to meet said objections by correcting the same, while the defendant, Shoup, testified that he insisted that there was no encumbrance on said farm, that he could convey a good, unencumbered title, and that he would do so upon tender of payment of the purchase price.

It might be further noted that The Tax Commission of Ohio was made a party defendant to this action and that it filed an answer in which it alleged that the inheritance tax on the estate of Alice Beck had been determined by the Probate Court of Greene County on August 8, 1935, that as a result thereof no inheritance tax was

found to be due, and that the said answering defendant had no claim against or lien upon the real estate described in the petition.

Counsel for plaintiff contend that the writing of May 1, 1935, was a contract for the sale and purchase of said farm, binding on each of the parties, while the defendant, Shoup, insists that this writing was simply an option and was of a unilateral character. As we read this instrument we conclude that it makes little difference whether the contract is bi-lateral or unilateral. If it is an option, then it was absolutely binding upon the executor until May 20, 1935 at 12 o'clock P. M., or, perhaps, until May 27, 1935, if a delay in securing the purchase price had been incurred without default on the part of the plaintiff. If the instrument be construed as an option, then it would become effective as a contract, upon acceptance thereof. Unless otherwise expressed in the instrument, an option may be accepted and exercised either verbally or in writing. However, when an option designates in itself the method of acceptance which must be adopted by the optionee, or when terms of payment in event of exercise of the option are expressed therein, such acceptance must be in the terms set forth in the instrument and compliance must be had with the terms.

In the writing in evidence an exclusive right and option to purchase this farm was confided to the plaintiff up to May 20, 1935, or for one week longer if delay was not caused by plaintiff. The evidence shows that the option, if such it was, was verbally accepted prior to its expiration date. Thereupon, the parties became bound by a contract, the terms of which were set out in the option and which provided that the defendant, Shoup, would convey said realty by a good and sufficient deed, free and clear of all encumbrances, upon the payment to him of the purchase price in cash on or before 12 o'clock P. M. on May 20, 1935, or one week thereafter, if extended. If the writing in evidence be construed as a contract, binding upon the parties as of the date of its execution, then the parties were immediately bound by an agreement, the terms of which were exactly the same as if the instrument be designated as an option which was orally accepted by plaintiff before its expiration. In any event, under the evidence in this case, it is the opinion of the court that prior to May 20, 1935, the parties were bound by a contract

which provided for payment of the purchase price on the side of plaintiff and conveyance by a good and sufficient deed, free and clear of all encumbrances, on the part of the defendant, Shoup. In this contract, as the same is found to exist by the court, the delivery of the deed for this real estate was dependent upon the payment of the purchase price.

It is conceded that no tender of the purchase price has ever been made by plaintiff to the defendant. When the plaintiff comes into a court of equity and seeks the aid of the court in an action of specific performance upon such a contract he must produce evidence establishing the fact that he has complied with all of the terms upon his part or that his failure of compliance was justified. "He who seeks equity must do equity." We quote from 37 O. J. 54, §41:

"The general rule is that a party seeking specific performance of a contract must show performance on his part. Where one party refuses performance of his part of an executory agreement or denies his obligation to perform, the other party cannot be compelled to perform his part of the contract. Plaintiff's claim must be supported by his own performance or it will fall by his laches. It would be inconvenient and unequal for one party to be bound, while the other is at perfect liberty. When the party who applies for a specific performance has omitted to execute his part of the contract by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for his delay, and when there is nothing in the acts or conduct of the other party that amounts to an acquiescence in that delay, the court will not compel a specific performance. * * * Accordingly, a court of equity will not lend its assistance to enforce specifically a contract for the purchase of land unless the party seeking it has performed all that the contract requires of him. A vendor or vendee, wishing to compel the other to observe a contract, immediately makes his part of the agreement precedent; for he cannot proceed against the other without an actual performance of the agreement on his part or a tender and refusal. For instance, the payment of the amount actually due is prerequisite to the enforcement of the contract of conveyance. A deed cannot be demanded until the payment of the purchase money."

Counsel for plaintiff, in commenting upon the exceptions to the general rule, cite the case of the **George Wiedemann Brewing Company v Maxwell et, 78 Oh St 54.** This case sets forth the general rule and one of the exceptions thereto. The second syllabus reads thus:

"The general rule is that a party seeking specific performance of a contract must show performance on his part, yet there are clearly defined exceptions and one of them is that when the other party repudiates and makes it certain that he does not intend under any circumstances to comply, a showing of readiness and ability on the part of the complaining party to them and there perform his part communicated to the other party and accompanied with a demand of compliance by such other party, is sufficient compliance without an actual formal tender."

With these citations before us we examine the evidence. The testimony and exhibits show that, as the record stood at the time the writing was executed, the main objection of the plaintiff to receiving a deed was that there was an encumbrance upon the land, due to the fact that the inheritance tax had not been determined and administration had not been had upon the estate of Alice Beck. The record also shows that the defendant, Shoup, offered to convey, upon the payment of the purchase price, defendant contending that there was no cloud on the title. Subsequent developments, as gleaned from the answer of the Tax Commission, indicate that the defendant, Shoup, was correct in his contention and that there was no encumbrance upon said realty by way of unpaid inheritance taxes. If there was no encumbrance, then the defendant, Shoup, was not in default. The fact that the plaintiff had the mistaken belief that the title was encumbered would not excuse him in his failure to tender the purchase price within time. Bearing in mind that the burden of proof was upon the plaintiff in this action to show either a tender of the purchase price or justification for his failure to so tender, we are unable to say that the evidence preponderates in his favor or that it discloses actions or conduct on the part of the defendant, Shoup, which would bring plaintiff within any of the exceptions to the general rule. We doubt if the instrument in evidence extended beyond May 20, 1935 at 12 o'clock P. M. Arrangements had been perfected whereby the purchase price was obtainable on April 16, 1935. The evidence

is quite clear that, prior to May 21, 1935, the defendant, Shoup, made no representations to the plaintiff or to the agent, Whorley, concerning any actions which he might take with reference to meeting the objections raised. According to the testimony of the agent, Whorley, Shoup's attention was first directed to the objections raised by the title examiner by a letter of Whorley to him under date of May 23, 1935. If the contract did not extend beyond 12 o'clock P. M. on May 20, 1935, there were no actions of any kind on the part of Shoup which would justify plaintiff in failing or refusing to tender the purchase price. The evidence of what transpired between Shoup and Whorley between May 20, 1935 and May 27, 1935 with reference to this title is in dispute. It is not made to appear by a preponderance of the evidence that Shoup agreed to meet the objections during this interval. Therefore, under our view of the evidence and the law, it is our opinion that plaintiff has not established by the weight of the evidence that he should be excused from making a tender and further that plaintiff has not proven acts or conduct of the defendant, Shoup, which would amount to an acquiescence or waiver on his part. Whatever may have occurred in the conference held in Shoup's office on June 28, 1935 or in Judge Wiseman's office on July 2, 1935 could not be relied upon by the plaintiff to excuse his failure to make tender prior to May 20, 1935 or May 27, 1935, at the latest.

On the issues raised we find in favor of the defendant. The petition is dismissed at the plaintiff's costs. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

Decided June 1, 1936

By THE COURT

Submitted on application for rehearing.

This application presents no new contentions nor does it direct attention to questions which were not considered by the court when the original opinion was in preparation. It is our opinion from an examination of all of the evidence that the title offered by the defendant executor was not encumbered and that the actions and conduct of said defendant were not such as to amount to a waiver of tender of the purchase price on the part of the plaintiff.

The court adheres to its former opinion. The application for rehearing is denied.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.