OPINION
{¶ 1} Defendant-appellant, Mark de Saint-Rat, appeals a decision of the Butler County Court of Common Pleas, Probate Division, granting a motion filed by plaintiff-appellee, Elisabeth Ramsey, to enforce a settlement agreement.
 {¶ 2} The parties are the children of Catherine de Saint-Rat who died in 2003. Appellant is also the executor of his mother's estate. During the administration of the estate, *Page 2 
one of the parties' disputes involved a leasehold interest in a tract of land located in the state of Maine (the "Camp"). By Agreed Settlement Entry filed in the probate court on May 9, 2006, the parties entered into a settlement agreement regarding the Camp. The pertinent terms of the settlement agreement are as follows:
 {¶ 3} "2. Plaintiff, Elisabeth C. Ramsey, shall have a first option to purchase the Camp from the Estate at the figure of $45,000. Plaintiff will have until June 1, 2006 to exercise the option. * * *
 {¶ 4} "3. If plaintiff, Elisabeth C. Ramsey, fails on or before June 1, 2006 to exercise her option to purchase the Camp, then Mark de Saint-Rat, Executor of the Estate of Catherine de Saint-Rat, shall arrange to have the Camp offered for sale to the general public. * * *"
 {¶ 5} On May 31, 2006, Elisabeth, through her attorney, sent a letter by facsimile to the attorney for the estate which stated: "[m]y client, Elisabeth C. Ramsey, hereby exercises her option to purchase the [C]amp pursuant to paragraph two of the Agreed Settlement Entry." By facsimile dated June 2, 2006, the attorney for the estate advised Elisabeth that because she had not tendered the full purchase price with her May 31 letter, she had not exercised her option to purchase the Camp. The attorney for the estate extended the deadline for payment until the end of the business day on June 2, and again until the end of the business day on June 5. Taking the position that the Agreed Settlement Entry did not specify a time of payment, and thus a reasonable time should be implied, Elisabeth did not pay the purchase price. On June 8, the attorney for the estate advised Elisabeth that because she had not paid the purchase price, she had not exercised her option to purchase the Camp. Subsequently, appellant as the executor took steps to offer the Camp for sale to the general public.
 {¶ 6} In October 2006, Elisabeth moved the probate court to enforce the Agreed Settlement Entry. On January 26, 2007, the probate court granted the motion. The probate *Page 3 
court found that because the Agreed Settlement Entry was silent as to when the purchase price was to be paid, Elisabeth was not required to pay at the time she exercised her option to purchase the Camp; Elisabeth's May 31 letter was an effective exercise of the option to purchase by the designated date of June 1, 2006; and 60 days was a reasonable time for Elisabeth to pay the purchase price. A judgment entry filed on January 26, 2007 provides that Elisabeth is "entitled to purchase the Camp pursuant to the exercise of the option granted by the Agreed Settlement Entry," and that "to complete the transaction Ramsey will have to tender to the Executor of the Estate * * * the sum of $45,000.00, in cash, within 60 days from the date of this Entry[.]"
 {¶ 7} Appellant appeals, raising one assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT HELD THAT [ELISABETH] THE OPTIONEE TO THE CONTRACT FOR THE SALE OF THE CAMP DID NOT NEED TO TENDER THE PURCHASE PRICE AT THE TIME THAT SHE EXERCISED THE OPTION."
 {¶ 9} The issue on appeal is whether the payment of the $45,000 purchase price was required at the time Elisabeth exercised her option to purchase the Camp by letter on May 31, 2006. That is, we must determine whether tender of the purchase price was required before June 1, 2006 in order for Elisabeth to effectively exercise the option. Based upon the language in the Agreed Settlement Entry, we find that tender of the purchase price was not required at the time of, or coincident with, Elisabeth's exercise of the option by letter.
 {¶ 10} "An option has been defined as an agreement by which a person binds himself to perform a certain act, usually to transfer property, for a stipulated price within a designated time, leaving it to the discretion of the person to whom the option is given to accept upon the terms specified." Annotation, Necessity for Payment or Tender of Purchase Money Within Option Period in Order to Exercise Option, in Absence of Specific Time Requirement for *Page 4 
Payment (1976), 71 A.L.R.3d 1201, 1208-09, Section 4. Thus, "an option is an agreement to keep an offer open for a specified time; it limits the customary power of an offeror to revoke his offer prior to its acceptance." Ritchie v. Cordray (1983), 10 Ohio App.3d 213, 215. The option agreement is separate and independent from the underlying agreement to sell, and the underlying agreement does not become binding until its terms are accepted. Id.
 {¶ 11} In the case at bar, the Agreed Settlement Entry does not expressly require that payment of the purchase price accompany Elisabeth's election to exercise the option, and in fact is silent as to the time of payment. Appellant argues that because the Agreed Settlement Entry was a unilateral contract, Elisabeth was required to tender the purchase price on or before June 1, 2006 to effectively exercise the option. We disagree.
 {¶ 12} We find that the fact that the Agreed Settlement Entry was a unilateral contract does not resolve the issue at bar. As noted in the annotation, although an option is said to be in and of itself a unilateral contract, the mode or manner in which the optionee is required to accept the offer (i.e., exercise the option) determines whether the resulting contract is unilateral or bilateral. Annotation, 71 A.L.R.3d at 1209, Section 4. "Thus, where the mode of acceptance specified in the option contract is some type of performance such as * * * payment of part or all of the purchase price, the contract [of purchase and sale] formed is unilateral with the optionor bound to carry out his promise to convey. On the other hand, where the specified mode of acceptance does not require an actual performance by the optionee but calls instead for a promise of such performance [such as] a promise to pay part or all of the agreed price [i.e., a promise to perform], the contract created by such an acceptance is bilateral, with the optionee bound to pay and the optionor to convey." Id.
 {¶ 13} Ohio courts have held that "an option to sell real estate is made mutual and binding on the parties only by the exercise thereof within the time limited and upon the terms specified therein. When payment of money within a time specified is made a condition *Page 5 
precedent, an attempt to comply with such condition on different terms amounts, in effect, to a rejection of the right to complete the contract[,]" Masonic Temple Co. v. Adams (1958), 106 Ohio App. 23, 29, and "when an option designates in itself the method of acceptance which must be adopted by the optionee, or when terms of payment in event of exercise of the option are expressed therein, such acceptance must be in the terms set forth in the instrument and compliance must be had with the terms." Bingham v. Shoup (App. 1936), 22 Ohio Law Abs. 429, 431. See, also, D'Amato v. Bentley Consultants (Dec. 22, 1988), Cuyahoga App. No. 54465 (where an option to purchase real property contains conditions precedent in addition to notification of the election to purchase, such as payment of the purchase price within a specified period of time, the agreement to sell is not binding until the optionee performs the conditions precedent); Urology Services, Inc. v. Greene (Mar. 6, 1986), Cuyahoga App. No. 50205 (for an exercise of an option to be binding upon the optionor, it must be exercised in the manner provided for in the instrument creating the option on or before the time specified).
 {¶ 14} As noted earlier, the language of the Agreed Settlement Entry simply provides that Elisabeth "shall have a first option to purchase the Camp from the Estate at the figure of $45,000. Plaintiff will have until June 1, 2006 to exercise the option." The language does not expressly require that payment of the purchase price accompany Elisabeth's election to exercise the option, does not make payment of the purchase price a condition precedent to the exercise of the option, does not expressly specify such payment as the mode or manner of exercising the option, and in fact is silent both as to the time of the payment and as to the manner Elisabeth is to exercise her option to purchase the Camp.
 {¶ 15} In light of the language of the Agreed Settlement Entry, we find that Elisabeth was not required to tender the purchase price when she notified the attorney of the estate on May 31, 2006 of her intention to purchase the Camp. See Bingham; DAmato. Thus, the probate court properly found that "the option [to purchase the Camp] could be exercised *Page 6 
without making or tendering payment at the time of, or coincident with, such exercise." See Annotation, 71 A.L.R.3d at 1219, Section 7;English v. English (Tex.App.2001), 44 S.W.3d 102 (where the option instrument is silent regarding the method of exercising the option, giving timely notice to the optionor and subsequently tendering performance within a reasonable time is sufficient to exercise the option); Hart v. Hart (2001), 35 Va.App. 221, 544 S.E.2d 366 (the language of the option determines the method of required acceptance. Although the parties can require tender of payment as the method of exercising the option, unless the parties specify such a requirement, tender is not necessary in order to exercise the option. Thus, where an agreement granting an option to purchase a particular tract of land requires that it be exercised on or prior to a designated date, but is silent as to the time at which payment of the purchase price is to be made, the option may be exercised by the optionee without making or tendering payment at the time of, or coincident with, such exercise).
 {¶ 16} The probate court also found that 60 days was a reasonable time for Elisabeth to pay the purchase price. In so finding, the probate court noted that "[w]here the option instrument is silent regarding the method of exercising the option, giving timely notice to the optionor and subsequently tendering performance within a reasonable time has been held by courts in other jurisdictions to be sufficient to exercise the option. * * * As pointed out by counsel for the Executor * * *, inMiller v. Bealer [1992], 80 Ohio App.3d 180, `reasonable time' in the performance of a contract is determined by `surrounding conditions and circumstances which the parties contemplated at the time the contract was executed.'" The probate court found that the surrounding conditions and circumstances contemplated at the time the Camp settlement agreement was executed, included a February 17, 2006 judgment entry from the probate court giving the heirs of the estate 60 days to match an offer of Miami University Libraries to purchase a valuable book collection for $131,000. *Page 7 
 {¶ 17} The probate court noted that what the court considered relevant to the Camp issue was that had any of the heirs chosen to match the offer of the university within the 60 days, that heir would not have had to tender the purchase price within the 60 days in order to match the offer. The probate court then held: "60 days has been previously determined to be a reasonable time to act in at least one instance, i.e., the time allowed for matching the Miami University offer on the de Saint Rat [book] collection. The Court finds that 60 days is a reasonable time to close the sale of the [Camp]."
 {¶ 18} We are mindful that the previous instance involved the sale of books at a time where there was still much work to be done to close out the estate. By contrast, the sale of the Camp was the last remaining property issue to be disposed of prior to a final distribution and accounting. Nevertheless, we cannot say that allowing Elisabeth 60 days in which to tender the $45,000 purchase price is erroneous.
 {¶ 19} In light of all of the foregoing, appellant's assignment of error is overruled.
 {¶ 20} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 1