Valentine, Appellant, v. Clippinger et al., Appellees.

[Cite as Valentine v. Clippinger, 4 Ohio App. 2d 303.]

(No. 9428—Decided June 7, 1965.)

*Mr. Frederick Lee Valentine,* for appellant.

*Messrs. Taft, Stettinius & Hollister* and *Mr. Robert G. Stachler,* for appellees.

*Per Curiam.* An appeal on questions of law and fact has been lodged in this court from a judgment entered by the Common Pleas Court of Hamilton County. The judgment is adverse to the claims of the plaintiff, appellant herein, Carol Clippinger Valentine, who, in that court, sought an order for specific performance or, in the alternative, for damages.

On October 1, 1956, Mrs. Valentine and John H. Clippinger, executor of the estate of Walter W. Clippinger, deceased, executed an instrument in writing designated "Option to Purchase." This written instrument provided that, in consideration of the promise of Mrs. Valentine regarding withdrawal of certain actions begun by her, John H. Clippinger, as executor, would grant her the right to purchase real estate belonging to the estate at a price not to exceed stipulated sums set forth in the option to purchase. All the residuary devisees of Walter W. Clippinger, deceased, also signed this instrument.

The option to purchase contained the following stipulation:

"3. Notice of election to purchase hereunder by Carol Clippinger Valentine shall be in writing and shall be delivered to the office of John H. Clippinger, Executor, at 603 Dixie Ter-

minal Building on or before 12 o'clock noon on the date one year subsequent to date of executor's signature to this option. The rights granted under this option shall be effective only until 12 o'clock noon on said anniversary date, time being of the essence of this option.

"4. No offer to purchase the hereinabove described property will be acceptable to me unless (a) improvements which a purchaser may propose to make conform with the rules, regulations and requirements of the Planning Commission of the village of Indian Hill and unless (b) the purchaser demonstrates the ability to pay for (i) all proposed subdivision improvements in the real estate which she elects to purchase and (ii) the initial payment toward the purchase price of said real estate.

"5. Upon timely notice of election to purchase being given me by Carol Clippinger Valentine and upon condition she meets the prerequisites hereinabove described, I shall within 30 days thereafter deliver to Carol Clippinger Valentine an executor's deed to the parcel or parcels elected to be purchased, warranting title against the lawful claims of all persons claiming by, from, through or under me as executor of the estate of Walter W. Clippinger, deceased, in exchange for the down payment, negotiable promissory note and mortgage called for in paragraph 2 above."

Before the expiration of the one-year period set out in the option to purchase, Mrs. Valentine notified John H. Clippinger, as executor of the estate of Walter W. Clippinger, deceased, by letter, that she was "electing to purchase both said Parcel One (1) and said Parcel Two (2) as set out in an *Option to Purchase* * * *."

Nothing further was said or done by Mrs. Valentine respecting the other terms of the option to purchase until some time after the expiration of the one-year period contained in the written option.

On April 19, 1961, Mrs. Valentine began this action to compel a specific performance of the contract or, in the alternative, for damages.

It is admitted in oral argument herein, by brief of counsel for Mrs. Valentine, and by her testimony, that she did nothing more within the one-year period toward a fulfillment of the op-

tion to purchase than to give a written notice to John H. Clippinger, as executor, that she elected to purchase the property in question.

The option to purchase contained certain conditions precedent in addition to notification of the election to purchase. The option to purchase could not ripen into an enforcible contract until such conditions were met. The failure on the part of Mrs. Valentine to comply with these conditions now prevents her from securing the specific performance or, in the alternative, the damages she seeks. *Masonic Temple Co.* v. *Adams,* 106 Ohio App. 23.

Since it is admitted that Mrs. Valentine did not comply with the terms of the option to purchase within the period called for by that instrument, she is not now entitled to compel the enforcement thereof.

Judgment shall be, and hereby is, entered for the defendants, and the petition stands dismissed.

*Judgment accordingly.*

Doyle, P. J., Brenneman and Hunsicker, JJ., concur.

Doyle, P. J., Brenneman and Hunsicker, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.