LEES, Appellant,

v.

MEYER, Appellee.

[Cite as *Lees v. Meyer* (1993), 92 Ohio App.3d 83.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005605.

Decided Dec. 22, 1993.

*Thomas Sanborn,* for appellant.

*Frederick Jones,* for appellee.

---

*Per Curiam.*

William R. Lees appeals the trial court's judgment that the condition precedent in an option agreement he had with Helen Meyer had not been fulfilled, and thus the option agreement was not an enforceable contract. Lees contends that the judgment is contrary to law because the condition precedent was fulfilled and did not expire on Meyer's death. We affirm based on our prior decision in this case and because the judgment is not against the manifest weight of the evidence.

In 1972, Lees and Meyer entered into an agreement whereby Lees purchased some of Meyer's property and was given an option to purchase Meyer's home and the remaining property "at the time that Helen Meyer no longer desires to reside in said home."

In 1989, Lees became aware that Meyer was no longer living in the house. Lees notified Meyer of his intent to exercise the option to purchase the house. Meyer refused to abide by the option. Lees sued for specific performance, seeking to compel Meyer to abide by the option. After the filing of the suit, Meyer died and her executor was substituted as a party in the action.

This case is before us for the second time. See *Lees v. Meyer* (Sept. 2, 1992), Lorain App. No. 5241, unreported, 1992 WL 217838 Initially, the trial court granted summary judgment to Meyer's executor, finding that there was no consideration given for the option agreement. Lees appealed and we reversed the summary judgment, holding that the language of the option agreement could be interpreted to show that there was consideration. On remand, the case proceeded to trial. The trial court determined that the condition precedent had not been fulfilled during Meyer's life and that the option expired upon her death; therefore, it was not an enforceable contract.

Lees now appeals, asserting one assignment of error.

### Assignment of Error

"The trial court's finding that Helen Meyer did not express her desire to no longer live in the residence is not supported by the evidence, and the trial court's ruling that the plaintiff-appellant's rights under the option agreement terminated with the death of Helen Meyer are [*sic*] contrary to law."

Initially, Lees contends that the option contract did not expire on Meyer's death and that the condition precedent in the option agreement was fulfilled at her death, thereby making the option an enforceable contract.

Conditions precedent must be fulfilled before an option ripens into an enforceable contract. *Masonic Temple Co. v. Adams* (1958), 106 Ohio App. 23, 6 O.O.2d 281, 153 N.E.2d 198; *Valentine v. Clippinger* (1965), 4 Ohio App.2d 303, 305, 33 O.O.2d 350, 351, 212 N.E.2d 424, 425. In this case, the condition precedent that needed to be fulfilled before the option agreement became an enforceable contract was "that Helen Meyer no longer desires to reside in said home." On the first appeal, this court rejected the argument that the option clause was unambiguous and remanded the case to the trial court for interpretation of that clause. Based on that prior decision, we will not, nor has Lees asked us to, revisit whether this option clause is ambiguous. On remand, the trial court resolved the ambiguity as requiring an expression of Meyer's desire before her death and that factual determination will not be disturbed on appeal.

Lees also contends that the trial court's finding that during her lifetime Meyer did not express her desire to no longer reside in the home is against the manifest weight of the evidence. Upon review of the evidence before the trial court, we cannot say that this finding is against the manifest weight of the evidence.

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and QUILLIN, J., concur.

BAIRD, J., dissents.

BAIRD, J., dissenting.

## I

The intent of the parties to a contract is defined solely by the words thereof, unless those words are ambiguous, in which event outside evidence as to the intent of the parties may be utilized by a court in ascertaining the true intent of the parties. In other words, ambiguity must be found before outside evidence of intent may be considered. In its previous consideration of this case, however, this court determined that the intention of the parties was uncertain, and that the clause was ambiguous in the light of that uncertainty. Inasmuch as that determination requires outside evidence of intent to find ambiguity, it sheds no light on the question of whether the words themselves are ambiguous. Accordingly, I do not believe that a consideration of the ambiguity of the words themselves is a revisitation.

## II

It seems to me to be fairly clear that the words are not ambiguous at all. The condition was "that Helen Meyer *no longer desires to reside* in said home." (Emphasis added.) Upon the death of Helen Meyer, that condition was met, because any capacity of Meyer to desire anything expired at her death.

The trial court's conclusion was faulty, partly because it seemed to base its consideration upon a different order of words than that contained in the contract. The phrase *desires to no longer reside* is conceptually different from the phrase *no longer desires to reside.* In the former, a desire would have to be shown, while the latter is satisfied by an absence of desire. Since the actual clause involves the latter wording, it is satisfied by showing the absence of desire, or, in this case, death.

## III

At the very least, it seems to me that the trial court's ruling and this court's affirmance are conceptually flawed. If the ambiguity be deemed established, then the only question left for trial is what the outside evidence shows about the true intent of the parties. The trial court made no finding in that regard, and apparently there was no evidence on that subject.

All of the evidence and the court's findings relate to the question of whether Meyer actually desired to leave her home when she did in fact vacate it. The question of whether she still had a desire to reside in the home, even though she had moved out, would be a pertinent inquiry as long as she was still alive. Once she had died, however, the inquiry as to her intentions before death and the finding that the condition was not met before death are irrelevant to the question of what the parties originally intended as to the rights of each upon her death. The trial court based its finding that "the expression of the desire to no longer reside in said home was a condition precedent to trigger the option," not upon any evidence introduced at trial or upon any factual finding, but upon its own interpretation of the clause itself.

Thus, besides being based upon words different from those used in the contract, the trial court's ruling was not based upon evidence and findings as to the original intent of the parties. I believe that such an order is not entitled to any deference, that it is subject to reversal, and that it should be reversed.