822 So.2d 366 (2002)
ESTATE OF Dennis I. SMITH, Deceased, Lillie Mae Smith, Administratrix, Lillie Mae Smith, Individually, Mike Smith and Larkin Smith, Appellants,
v.
Harold C. SAMUELS, Appellee.
No. 2001-CA-00752-COA.
Court of Appeals of Mississippi.
July 23, 2002.
*368 Paul E. Rogers, Jackson, attorney for appellants.
J. Stevenson Ray, Mary Jacqueline Watson, Jackson, attorneys for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. Harold C. Samuels filed a complaint seeking specific performance of an option contract against the estate of Dennis Smith, Lillie Mae Smith, Mike Smith and Larkin Smith. The Chancery Court of Lincoln County ordered specific performance. Aggrieved, the Smiths appeal arguing that the option contract was invalid, unsupported by valuable consideration and a condition precedent to the contract was never fulfilled. Finding no error, we affirm.

FACTS AND PROCEEDINGS
¶ 2. Dennis Smith discussed borrowing approximately $300,000 from Samuels in 1990. Samuels was unable to make a loan for the complete amount, but he solicited W. Hewitt Smith and Peter F. Swalm for additional funds. On August 3, 1990, a promissory note was executed by Dennis Smith and his wife, Lillie Mae Smith, in the amount of $301,000. Mr. and Mrs. Smith executed a deed of trust for two tracts of land (referred to as "Tract I" and "Tract II") as security for the note on the same day.
¶ 3. Also, Mr. and Mrs. Smith granted Samuels an option to purchase a portion of Tract I as consideration for the loan. In 1995, Mr. Smith and Samuels executed an extension of the option until July 10, 1999, in connection with an extension of the repayment of the loan. Mr. Smith died on May 2, 1996. Samuels gave notice of his intention to exercise the option by sending a letter and proposed purchase agreement to the estate on May 7, 1996. Pursuant to the terms of the option, in July 1999, Samuels exercised the option by tendering the agreed purchase price of $170,000 to Trustmark National Bank of Brookhaven. However, Mrs. Smith refused to honor the option.
¶ 4. Samuels filed a complaint seeking specific performance and tendered $170,000 into the court on July 8, 1999. A motion for summary judgment was filed on July 12, 2000, by Samuels. After a hearing, partial summary judgment was granted in favor of Samuels finding that the unspecified location of the easement was not a material fact that would void the contract.
¶ 5. A trial was held on the remaining issue of whether specific performance could be ordered. The trial judge entered a judgment, ordering that the contract be enforced. Aggrieved, the Smiths (Mr. Smith's wife and two sons) appeal, arguing that the "agreement to agree" as to the location of the easement was a material fact and rendered the contract void. Additionally they argued the contract was void due to lack of valuable consideration and due to a condition precedent that could not be fulfilled.

I. WHETHER THE CHANCELLOR ERRED IN FINDING THAT THE EXACT LOCATION OF THE EASEMENT WAS NOT AN ESSENTIAL ELEMENT TO THE FORMATION OF AN OPTION CONTRACT.
¶ 6. The option contained a reserved easement specifically described as to size, but not as to the location which was to be decided upon after the option to purchase the property was exercised. The Smiths argue that the description of the *369 easement is essential to the contract. Accordingly, as the location must be agreed upon at a later time, the contract is void. However, the chancellor found that the lack of specificity in the location of the easement was not essential to the contract and that the contract was enforceable if supported by consideration.
¶ 7. The Mississippi Supreme Court has held that an option contract which does not set forth a price is unenforceable. Duke v. Whatley, 580 So.2d 1267, 1273-74 (Miss.1991). Additionally, specific performance on an option contract may be granted if the option contains all the material and essential terms and "leave none to be agreed upon as a result of future negotiations." Id. at 1273-74. Here, the question is whether the location of the reserved easement is an essential term.
¶ 8. The Smiths cites several cases from other jurisdictions in support of their argument that this agreement to agree to the location of the easement is essential and thereby voids the contract. However, these cases are distinguishable from the present situation. In Scanlon v. Oliver, 42 Minn. 538, 44 N.W. 1031 (1890), the sellers had agreed to convey a small parcel of land within an eighty acre tract with the location of the small parcel to be agreed upon later. The court held that there was not a contract because the subject matter of the contract had not been determined. Id. at 1032. However, here, the subject tract of land has been determined; it is the location of a reserved easement that has to be determined prior to execution of the deed. Additionally, the Smiths cite to another case which supports Samuels's position. In Calder v. Third Judicial Dist. Court, 2 Utah 2d 309, 273 P.2d 168 (1954), the court held the contract to be valid even though the property was not described and the buyers were to select a tract of land within a larger tract owned by the sellers. Id. at 170-71.
¶ 9. In another Utah case cited by the Smiths, a contract was held to be valid because "the option agreement here supplies a definite method to determine the land description without further agreement of the parties." Coulter & Smith, Ltd. v. Russell, 976 P.2d 1218, 1222 (Utah App.1999). In that case, the description of land would be determined by the annexation and zoning process. Id. Here, the subject property has already been agreed; it is only the location of the easement that is yet to be determined.
¶ 10. While the Mississippi Supreme Court has not addressed this specific situation; however, other jurisdictions have upheld similar contracts. In C-470 Joint Venture v. Trizec Colorado, Inc., 176 F.3d 1289 (10th Cir.1999), the Federal District Court of Appeals for the Tenth Circuit enforced a covenant to convey an easement in which the parties failed to establish a specific legal description of the property until the contract was performed. Id. at 1292. In addition, several courts have upheld contracts that grant easements to the railroad in which the easement and description of the property is made definite by subsequent selection. See Love v. U.S., 889 F.Supp. 1548 (E.D.N.C.1994); McCotter v. Barnes, 247 N.C. 480, 101 S.E.2d 330 (N.C.1958).
¶ 11. We find these cases to be consistent with Mississippi's law. The Mississippi Supreme Court has stated that:
[D]etermination that an agreement is sufficiently definite is favored in the courts, so as to carry out the reasonable intention of the parties if it can be ascertained. A contract is sufficiently definite if it contains matter which would enable the court under proper rules of construction to ascertain its terms, including consideration of the *370 general circumstances of the parties and if necessary relevant extrinsic evidence. Having found a contract to have been made, an agreement should not be frustrated where it is possible to reach a reasonable and fair result.
Busching v. Griffin, 542 So.2d 860, 863 (Miss.1989) (citing Jones v. McGahey, 187 So.2d 579, 584 (Miss.1966)). In Busching, the court stated that although the purchase price is essential, the method of payment is not an essential term of a contract. Busching, 542 So.2d at 866. As here, Busching dealt with a landowner (here, the landowner's estate) who had second thoughts about the purchase price and thought the price was too low. Id. The court found that if it let the landowner off the hook, the "integrity and enforceability of written contracts would be greatly doubted." Id. Mrs. Smith testified that the price for similar property was higher now than when her husband had signed the option.
¶ 12. We find that the determination of the exact location of the easement is not essential to the formation of this contract. Therefore, we affirm the chancellor's finding.

II. WHETHER THE CHANCELLOR PROPERLY FOUND THAT ADEQUATE CONSIDERATION SUPPORTED THE FORMATION OF THE CONTRACT.
¶ 13. The chancellor found that there was adequate consideration for the formation of the contract. On review, we will not reverse a chancellor's findings of fact unless the decision was clearly erroneous, unsupported by substantial evidence or an abuse of discretion. Estate of Haynes v. Steele, 699 So.2d 918, 922 (Miss. 1997). "Where the instrument in controversy contains a statement or recital of consideration, it creates a rebuttable presumption that consideration actually existed." Daniel v. Snowdoun Ass'n, 513 So.2d 946, 950 (Miss.1987).
¶ 14. Here, option contract and extension recited consideration as ten dollars paid and other good and valuable consideration. Samuels testified that he paid the ten dollars for both contracts. In addition, the original option was in consideration of the services rendered in connection with the loan and for Samuels's personal $151,000 contribution to the loan. As for the extension, Samuels not only paid the ten dollars, but the extension was executed when Smith wanted to lower his monthly repayments. When W. Hewitt Smith and Peter F. Swalm refused to lower the payments, Samuels agreed to defer payment on his portion of the loan.
¶ 15. The Smiths failed to present any evidence to contradict the receipt of the consideration. They were not present when the option and extension were executed. Therefore, the evidence does support the chancellor's finding that there was consideration for the contract.

III. WHETHER A CONDITION PRECEDENT TO THE CONTRACT FORMATION WAS NEVER FULFILLED AND CANNOT NOW BE FULFILLED.
¶ 16. The Smiths's final argument is that even if the contract clause dealing with the agreement to agree as to the location of the easement is valid, it contains a condition precedent that can not be fulfilled due to Mr. Smith's death. However, Samuels argued and the lower court agreed that the determination of the easement was not so personal to Mr. Smith that the estate cannot step into the position of Mr. Smith.
*371 ¶ 17. We begin with black letter law that "the power of acceptance under an option contract is not terminated by ... death or incapacity of the offeror...." Restatement (Second) of Contracts § 37 (1981). The Smiths cite to a number of cases from other jurisdictions, relying heavily on Lees v. Meyer, 92 Ohio App.3d 83, 634 N.E.2d 258 (1993). In Lees, Lees was granted the option to purchase Meyers's home, but only after Meyers had expressed a desire not to reside in the home. Id. After Meyers's death, Lees attempted to exercise the option. Id. The court found that the condition precedent had not be fulfilled. Id. However, this case is different in that the determination of the reserved easement is not personal to Mr. Smith, unlike one's desire to live in one place or another.
¶ 18. Additionally, the plain language of the clause states that "in the event the grantee, or his assigns, exercise any of the aforesaid options to purchase or lease the aforesaid property, then there shall be reserved" an easement. "[W]hen interpreting a contract, the court's concern is not nearly so much with what the parties may have intended, but with what they said, since the words employed are by far the best resource for ascertaining the intent and assigning meaning with fairness and accuracy." Warwick v. Gautier Util. Dist., 738 So.2d 212, 215(¶ 8) (Miss.1999) (citing Simmons v. Bank of Mississippi, 593 So.2d 40, 42-43 (Miss.1992)). The clear meaning of the clause of this contract was that the determination of the easement would occur after Samuels exercised the option. This is not like an agreement that conditions the performance on financing or the ability to pay. The estate can step into the position of Mr. Smith and determine with Samuels the location of the easement prior to a deed being executed for the determination of the exact legal description of the property. Therefore this issue is without merit.
¶ 19. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.