[Cite as *In re Estate of Stevens*, 2012-Ohio-1860.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

IN THE MATTER OF THE ESTATE    :
OF MAXINE DELORIS STEVENS

        :            C.A. CASE NO.    2011 CA 26

        :            T.C. NO.    10ES212

        :            (Civil appeal from Common
                        Pleas Court, Probate Division)

        :

        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     27th     day of     April    , 2012.

. . . . . . . . . .

SHERRILLE D. AKIN, Atty. Reg. No. 0059841 and GEORGE B. LIMBERT, Atty. Reg. No. 0082241, 250 E. Broad Street, 9th Floor, Columbus, Ohio 43215
        Attorneys for Appellant Jenna L. Stevens

DANIEL C. HARKINS, Atty. Reg. No. 0029750 and MARK D. DeCASTRO, Atty. Reg. No. 0079505, 333 North Limestone Street, Suite 203, P. O. Box 1125, Springfield, Ohio 45501
        Attorneys for the Estate of Maxine Deloris Stevens

EDWARD G. BAILEY, Atty. Reg. No. 0004749, 4 W. Main Street, Suite 428, Springfield, Ohio 45502
        Special Counsel for the Estate of Maxine Deloris Stevens

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     This matter is before the Court on the Notice of Appeal of Jenna Stevens, filed October 17, 2011.  Jenna is the granddaughter of decedent Maxine Stevens, and she appeals from the September 16, 2011, Judgment Entry of the Champaign County Common Pleas Court, Probate Division, which ordered Dale Circle, Executor of Maxine's estate, to proceed with the administration of the estate by completing a real estate transaction in accordance with Item Two of Maxine's will.

{¶ 2}     Maxine died on November 25, 2010, and on December 29, 2010, the Probate Court admitted her Will to probate and appointed Dale as Executor.  Item Two of the will provides as follows:

> I direct my Executor to provide my friend, **DALE CIRCLE**, with the option to purchase the real estate which I may own at the time of my death that is then being used for agricultural purposes.  The option to be extended by my Executor will provide **DALE CIRCLE** with the opportunity of purchasing the farmland for $3,000.00 per acre.  My Executor shall give notice to **DALE CIRCLE** of this option within thirty (30) days of my Executor's appointment by the Probate Court.  **DALE CIRCLE** must then exercise the option within the forty-five (45) day period following the date on which notice is provided by my Executor.  In the event **DALE CIRCLE** should fail to provide written notice of his intention to exercise the option provided by this **ITEM TWO**, within the forty-five (45) day period, this **ITEM TWO** and the option described shall lapse.  Should **DALE CIRCLE**

proceed in exercising the option, he may pay the purchase price either by tendering, in whole or in part, cash at closing or a note for the balance of the purchase price, provided the note requires (i) equal payments of principal and interest for up to twenty (20) years, (ii) bears the Applicable Federal Rate of interest and (iii) secured with a mortgage on the land being sold. The note shall be negotiable and should be assigned to those individuals who will receive distributions under this Will.

Should any individual challenge the validity of this **ITEM TWO** by filing objections or complaints with the Probate Court, then that individual's interest under this Will shall lapse and shall become null and void.

**{¶ 3}** Also on December 29, 2010, Dale filed an "Exercise of Option to Purchase Farmland," which provides:

I, Dale Circle, pursuant to Item Two of the Last Will and Testament of Maxine Stevens, hereby exercise the option described in the Will to purchase the Decedent's farmland. I am prepared to purchase the farmland at $3,000 per acre and intend to tender a Promissory Note payable to the Estate or its successors and assigns, providing for equal annual payments with the first payment due on December 31, 2011. The payments will amortize the purchase price over a period of twenty (20) years with interest accruing at the Applicable Federal Rate of 3.53%. * * * ."

**{¶ 4}** On May 12, 2011, Dale filed the Estate's Inventory and Appraisal, along with Waivers of Notice of Hearing on Inventory, signed by Jenna, and Security National

Bank, Trustee. The Inventory included Maxine's interest in three parcels of farm land. On May 23, 2011, the Probate Court approved the Inventory.

{¶ 5} On June 28, 2011, Dale filed an Application to Extend Administration, which provides in part, "Additional time will be required by the Executor to confirm the State's acceptance of the Estate Tax Return and to affect the distribution of the Estate's assets after the concerns expressed by Jenna Stevens are addressed."

{¶ 6} On July 28, 2011, Dale filed "Executor's Notice of Intention to Proceed with Administration of Estate." Dale noted that the period within which to contest the Will expired on April 7, 2011, pursuant to R.C. 2107.76. He further noted that the three parcels of land listed in the Inventory consisted of a total of 242.50 acres with a total value of $1,048,679, or $4,324.45 an acre. Dale asserted that the time to object to the Inventory also expired, pursuant to R.C. 2115.16. According to Dale, "[d]espite failing to file any complaints or objections with this Court, Jenna, through her counsel, advised the Estate's counsel of her objection to the fulfillment of the Decedent's Will." Dale asserted that Jenna objected to Item Two and that she further "has asserted that this Court's approval is required" before the farm land is transferred pursuant to Item Two. Regarding Item Two, Dale stated that it constitutes a bequest to him equal to $321,179.00, "namely the difference between the farmland's appraised value and the $3,000.00 per acre value which was specified by the Decedent." Dale requested, in the event court approval was required, that the Probate Court "approve fulfillment of the Decedent's Will." Finally, Dale noted that "[a]ny attempted challenge to the Executor's transfer of the farmland to Mr. Circle will trigger the *in terrorem* clause and cause a forfeiture of the challenging individual's interest

in the Estate."

{¶ 7}    On August 4, 2011, the Probate Court issued a Judgment Entry that provides that the "Court finds that its approval is not required to fulfill the Provisions of Item Two of the Decedent's Will.   The Executor shall proceed accordingly."

{¶ 8}    On   August 11, 2011, Jenna filed a "Memorandum in Opposition to Executor's Notice of Intention to Proceed with Administration of Estate."   According to Jenna, Dale's interest in the farm land lapsed because he failed to comply with the requirements and time restrictions set forth in Item Two.     Specifically, Jenna asserted that the Will "cannot constitute an offer, nor can it exist as an option."   Jenna asserted, even if the Will is construed as an offer to purchase the property, Item Two sets forth a 45 day "time period for exercise."   Jenna argued that exercise is accomplished by providing cash or a note at closing.   Jenna alternatively asserted, even if Dale is not required to close on the property within 45 days, he "still must close within a reasonable period," and she asserted that he failed to do so.   Jenna asserted that Dale's "Exercise of Option to Purchase Farmland" does not satisfy the statute of frauds.   Jenna also asserted that Dale failed to comply with R.C. 2109.44, in that he did not obtain court approval for the transfer.   Jenna asserted that the "alleged in terrorem clause is not violated by Jenna's insistence that the executor strictly comply with the terms of Item Two."

{¶ 9}    On August 17, 2011, the Probate Court issued an Entry that notes that Jenna opposed Dale's Notice of Intention to Proceed with Administration of Estate, and further notes that the "Court has been informed that [counsel for Dale] would like to file a response to the August 11th Memorandum."   The Judgment Entry concludes that the court

"withholds any action on its August 4th Entry until it makes a further decision based on the Memorandum and Response."

{¶ 10}   On August 19, 2011, Dale filed a "Motion to Strike, or in the Alternative, Motion for Definite Statement."   In his supporting memorandum, Dale asserted that Jenna lacked standing to assert her claims and is not a real party in interest, since the Will did not provide her with an interest in the farmland.   He further asserted that Jenna is barred from contesting the Will, challenging the Inventory and bringing a Will construction action. Finally, Dale asserted, having "failed to initiate any adversarial proceeding in this Estate, Jenna's Memorandum is so vague and ambiguous that the Executor cannot reasonably determine *whether* a responsive pleading is permitted and therefore cannot reasonably be required to form a responsive pleading, if so permitted."

{¶ 11}    On August 25, 2011, Jenna filed a Motion for Status Conference, in which she argued as follows:

> The Court has issued two Orders regarding the Notice of Intention to Proceed filed by the Executor in this case.   Upon information and belief, the Executor plans on relying on the initial order of the Court and pursuing the sale of the property at issue before the Court is fully briefed on the pending issues.   Further, should the first Order be upheld by the Court, the time for appeal expires on September 2, 2011.   Jenna submits that holding such a conference between the Court and all counsel of record before September 2, 2011 will serve judicial economy by determining the procedural course of action to be followed with respect to the pending matters. * * *

The Probate Court granted Jenna's motion and scheduled a status conference for September 6, 2011.

{¶ 12}   On September 6, 2011, Jenna opposed Dale's Motion of August 19, 2011.

{¶ 13}   After holding a status conference attended by counsel for Jenna and Dale, the court issued its Judgment Entry on September 16, 2011. The court determined as follows:

The executor previously filed a Notice of Intent to Proceed with the Administration of the Estate.  In said filing, the executor stated he was ready to complete the sale of decedent's farm property as called for in Item Two of the Will, and asked the Court if approval of this transaction by the Court was necessary.  On August 4, 2011, the Court filed an entry stating its approval was not necessary and ordering the executor to proceed.  Subsequently, Jenna Stevens filed her Memorandum in Opposition * * * and requested this status conference.

In light of Jenna Stevens' filing, the Court's Order of August 4, 2011 is vacated and the Court will reconsider the transfer approval based upon the two filings mentioned above.

Mr.  Circle argues that pursuant to decedent's [W]ill, he was given the option to purchase certain farm ground [and [t]hat he has complied with the Notice provisions in the Will to exercise the option and is now ready to complete the transaction.

Jenna Stevens argues that Mr. Circle has not complied with option

period called for in the Will because he did not complete the transaction within the 45 day period called for in the Will and alternatively, if he didn't have to complete the sale in the 45 day period that he has not completed the transaction within a reasonable period of time.

The language of decedent's Will is clear.

\* \* \*

Mr. Circle does not have to complete the transaction within 45 days, just give written notice of his intention to exercise the option. The Court finds Mr. Circle complied with this provision by filing his written notice to exercise the option on December 29, 2010.

As there is no time period stated in decedent's Will to complete the transaction, the Court believes it must be completed within a reasonable time. Mr. Circle was ready to complete the transaction at the time of his filing in July. Given the nature of large real estate transactions and that most full estate administrations are completed in 6 to 12 months, the Court finds that Mr. Circle's intention to complete the transaction is within a reasonable time.

The wishes of the decedent are clear and Mr. Circle has acted in accordance with the provisions as set out by the decedent to accomplish those wishes.

For all the foregoing reasons, the Court finds Mr. Circle has complied with the provisions of Item Two of decedent's Will.

It is therefore Ordered and Adjudged that the executor shall complete

the real estate transfer in accordance with Item Two of Decedent's Will and proceed accordingly with the further administration of the estate.

Finally, the Probate Court indicated that its Judgment Entry is a final, appealable order.

**{¶ 14}** We note that in her Notice of Appeal, Jenna indicated that she would file a statement of the record pursuant to App.R. 9. On October 26, 2011, the trial court issued a Judgment Entry that notes Jenna's indication regarding a statement of the record and further provides:

> The Court will not allow the filing of a Statement of the Record, pursuant to App.R. 9(C), as the statement may only be prepared "if no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable. . ." In this matter, a complete record of the proceedings was made via digital recording and a transcript is available therefrom albeit at a cost.
>
> Therefore, the Court will proceed to submit the Summary of Docket and Journal Entries to the Court of Appeals clerk.
>
> This is a final appealable order entered into the Court's record on the date stamped "Filed" by the clerk. * * *

We note that a transcript has not been filed.

**{¶ 15}** On November 9, 2011, Dale filed a motion to dismiss, arguing that the Probate Court's Judgment Entry of September 16, 2011, was not a final appealable order. Jenna opposed the motion to dismiss, and Dale filed a Reply. On December 27, 2011, this Court determined that the September 16, 2011 Judgment Entry is a final, appealable order.

{¶ 16}   Jenna asserts five assignments of error herein.   Her first assignment of error is as follows:

"WHETHER THE TRIAL COURT ERRED WHEN IT ALLOWED DALE CIRCLE TO PURCHASE THE ESTATE'S REAL PROPERTY UNDER ITEM TWO OF THE DECEDENT'S WILL WITHOUT COMPLYING WITH THE REQUIREMENTS OF R.C. 2109.44?"

{¶ 17}   Jenna argues as follows:

Dale "lacked authority to transfer title of the property to himself.   The transaction was subject to court review and approval, which was not obtained.   A hearing on the matter would have permitted evaluation of appellant's arguments which are the subject of this appeal, but also to consider the total application of the Item Two option * * * and the terms of the transaction. Thus, the Probate Court's Judgment Entry ordering the Executor to proceed must be overruled and the transfer of the farmland at issue must be voided, and the case must be remanded for further proceedings under R.C. 2109.44."

{¶ 18}   The version of R.C. 2109.44 in effect at the time of the decedent's death provided: "Fiduciaries shall not buy from or sell to themselves nor shall they in their individual capacities have any dealings with the estate, except as expressly authorized by the instrument creating the trust and then only * * * with the approval of the probate court in each instance * * * ."

{¶ 19}   While the probate court initially determined, on August 4, 2011, that court approval for the sale of the property   was not necessary, the court later vacated that finding

to "reconsider the transfer approval." Having found that Maxine's wishes were clearly set forth in the Will, and that Dale acted in accordance therewith, the court ordered Dale to complete the real estate transfer. As Dale asserts, he had authority to complete the transaction pursuant to both the Will and the probate court's judgment entry, as required by R.C. 2109.44. Jenna's first assigned error is overruled.

{¶ 20} Jenna's second assigned error is as follows:

"WHETHER THE TRIAL COURT ERRED WHEN IT INTERPRETED ITEM TWO OF THE WILL AS NOT REQUIRING THE COMPLETION OF SALE WITHIN 45 DAYS FROM THE DATE UPON WHICH NOTICE OF THE OPTION WAS GIVEN?"

{¶ 21} According to Jenna, the "plain language of Item Two of the Decedent's Will required that Dale Circle complete the transaction within 45 days of notice of the option." Dale responds that Jenna waived her right to seek construction of the Will, since she did not contest its validity below, pursuant to R.C. 2107.76[1]. Dale further asserts that the Will does "not specify a time period to complete the transfer." According to Dale, transfer prior to court approval of the estate's Inventory is prohibited by local rule.

{¶ 22} We initially note that Jenna's failure to commence an action to contest the validity of the Will, pursuant to R.C. 2107.76, does not result in a waiver of her right to appeal the trial court's construction of the Will.

---

[1]R.C. 2107.76 provides: "No person who has received or waived the right to receive the notice of the admission of a will to probate required by section 2107.19 of the Revised Code may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than three months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code."

**{¶ 23}** As this Court has previously noted:

Because interpreting wills is a question of law, we apply *de novo* review to determinations of a testator's intent * * * . This means that we apply the same standards that the trial court uses. * * * It also means that "[w]e review the judgment independently and without deference to the trial court's determination." * * * In addition, Ohio follows these general rules for reviewing will construction cases:

"1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

"2. Such intention must be ascertained from the words contained in the will.

"3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear(s) from the context that they were used by the testator in some secondary sense.

"4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it." * * *. *Bank One Trust Co., N.A. v. Reynolds,* 2d Dist. Montgomery App. Nos. 20386, 20402, 2004-Ohio-6670, ¶ 12-16.

**{¶ 24}** An option is a "[r]ight of election to exercise a privilege." *Black's Law Dictionary* 1094 (6th Ed. 1990). As this Court has noted, "'An option is an agreement to keep an offer open for a specified time; it limits the customary power of the offeror to revoke

his offer before its acceptance.' * * *   In order 'for an exercise of an option to be binding on the optionor, it must be exercised in the manner provided for in the instrument creating the option on or before the time specified.' * * *." *Gehret v. Rismiller*, 2d Dist.  Darke No. 06CA1705, 2007-Ohio-1893

**{¶ 25}**   Construing all parts of the Will together, by its plain language, notice of Dale's appointment as Executor of the Will by the probate court commenced the 45 day period within which Dale was required "to provide written notice of his *intention* to exercise the option provided by" Item Two.  Furthermore, it would be futile for Dale to provide notice to himself.  In other words, the option provided in Item Two gave Dale, in his individual capacity, the right to compel the sale of the farm land.  After election to exercise the option, Dale "may pay the purchase price" pursuant to the terms of Item Two.  While the Will sets forth the manner in which payment is to be made, the Will is silent as to the time of closing on the transaction.

**{¶ 26}**   On the same day that the probate court appointed Dale as Executor, he filed his "Exercise of Option to Purchase Farmland," which provided that he thereby exercised the option set forth in the Will, and we conclude that completion of the sale was not required. See *In re Estate of De Saint-Rat,* 12th Dist. Butler No.  CA2007-02-052, 2008-Ohio-2109, ¶ 14 (holding that optionee was not required to tender the purchase price with her notice of intention to purchase the property where the "language does not expressly require that payment of the purchase price accompany [her] election to exercise the option, does not make payment of the purchase price a condition precedent to the exercise of the option, does not expressly specify such payment as the mode or manner of exercising the option, and in

fact is silent * * * as to the time of the payment * * * .") To conclude otherwise, as argued by Jenna, would require Dale to complete the transaction within 45 days of December 29, 2010, when he was appointed as Executor and provided written notice of his intention to exercise the option, which would be prior to the approval of the Inventory on May 23, 2011. As Dale asserts, Local Rule 81.8 of the Champaign County Court of Common Pleas, Probate Division, provides, "Estate property shall not be transferred until after the inventory has been approved, unless the fiduciary secures prior court approval." Since the Will did not require that the sale close within the 45 day period argued by Jenna, her second assigned error lacks merit and is overruled.

{¶ 27}    Jenna's third assignment of error is as follows:

"WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLEE IN HIS CAPACITY AS EXECUTOR COMPLIED WITH THE REQUIREMENTS OF ITEM TWO OF THE WILL?"

{¶ 28}    According to Jenna, Dale "never provided an option and Item Two itself cannot constitute an option." Jenna further asserts that Dale's "Exercise of Option to Purchase Farmland" does not comply with the statute of frauds[2]. Finally, Jenna argues that the matter herein is analogous to *In re Estate of Stockmaster*, 3d Dist. Seneca No. 13-10-43, 2011-Ohio-3006, ¶ 18, in which the Third District determined that the optionee's right to purchase the property at issue lapsed "pursuant to the plain language" of the will.

---

[2] R.C. 1335.04, the statute of frauds, provides: "No lease, estate, or interest, either freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."

{¶ 29} The Will herein specifically refers to "the option provided by this **ITEM TWO**," and we cannot agree that further action was required by Dale, as Executor, to "provide an option." Further, since Dale's "Exercise of Option to Purchase Farmland" does not assign or grant an interest in land, but merely establishes his right to compel performance of the sale, the statute of frauds does not apply. Finally, we conclude that *Stockmaster* is distinguishable, since the will at issue therein gave the optionee the right to purchase certain property, and further provided: "The election to purchase must be in writing delivered to both executors and closing completed within sixty (60) days of the time of election as set forth above, or the right to purchase shall lapse." As previously discussed, the Will herein is silent as to the closing of the sale. Jenna's third assigned error is overruled.

{¶ 30} Jenna's fourth assigned error is as follows:

"WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLEE, AS AN INDIVIDUAL AND NOT IN A FIDUCIARY CAPACITY, TIMELY EXERCISED THE PURPORTED OPTION TO PURCHASE FARMLAND FROM THE ESTATE?"

{¶ 31} Jenna repeats her arguments that Dale was required to close on the sale of the property within the 45 day period set forth in the Will, and she directs our attention to *Valentine v. Clippinger*, 4 Ohio App.2d 303, 212 N.E.2d 424 (1st Dist.1965). As with *Stockmaster*, the matter herein is distinguishable from *Valentine*. The option to purchase in *Valentine* required the optionee to provide written notice of election to purchase, and it further required as prerequisites that she show an ability to pay for (1) improvements to the property and (2) the initial payment toward the purchase price. The optionee merely provided written notice, and the First District determined that the "option to purchase could

not ripen into an enforceable contract until such conditions were met." *Id.,* 305. Here, Dale exercised his option pursuant to Item Two, and he established his right to compel performance of the sale.    Jenna's fourth assigned error is overruled.

**{¶ 32}**   Jenna's fifth assigned error is as follows:

"WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLEE'S INTENTION TO COMPLETE THE TRANSACTION WAS WITHIN A REASONABLE PERIOD OF TIME."

**{¶ 33}**   Jenna asserts that Dale did not tender a note for the purchase of the property and secure it with mortgage until 9 months after he filed his "Exercise of Option," and she asserts that "the 9 month time period is not a reasonable time."   Jenna ignores the fact that the Inventory was not approved until May, 2011, and the necessary judicial approval of the sale was not granted until September 16, 2011, nine months after Dale exercised his option. There being no merit to Jenna's final assigned error, it is overruled.

**{¶ 34}**   The judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Sherrille D. Akin
George B. Limbert
Daniel C. Harkins
Mark D. DeCastro
Edward G. Bailey
Hon. Brett A. Gilbert