RUSSELL, J.,
concurring in part and dissenting in part:
¶ 17. I agree with the majority that the option-to-purchase provision of the contract is enforceable because there was a method for determining the purchase price. But I would simply affirm the chancery court’s order, instead of reversing and remanding for further consideration, because the four corners of the contract are clear and unambiguous.
¶ 18. “Questions concerning the construction of contracts are questions of law that are committed to the court rather than questions of fact committed to the fact-finder.” Belager-Price v. Lingle, 28 So.3d 706, 710 (¶ 7) (Miss.Ct.App.2010) (quoting Parkerson v. Smith, 817 So.2d 529, 532 (¶ 7) (Miss.2002)). For questions of law, the standard of review is de novo. Id. “If a contract is determined to be ambiguous, it is reviewed on appeal under a substantial evidence/manifest error standard.” Id. (citing Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So.2d 748, 752 (¶ 8) (Miss.2003)). That is, “this Court will not hesitate to reverse a [chancellor’s decision] when his findings are manifestly wrong or when he has applied an erroneous legal standard.” Hunt v. Coker, 741 So.2d 1011, 1014 (¶ 6) (Miss.Ct.App.1999) (quoting Miss. Dep’t of Human Servs. v. Marquis, 630 So.2d 331, 334 (Miss.1993)). “The existence of a contract is a question of fact that is to be determined by a jury, or a trial judge when a trial is conducted without a jury.” Id.
¶ 19. The existence of a contract is undisputed. Crow argues that the option-to-purchase provision of the contract is unenforceable because it is not sufficiently definite on material terms. Specifically, she argues that the contract fails to state a specific purchase price, which she contends is required for the chancery court to grant specific performance.
¶ 20. Our supreme court “has held that before a court may order specific performance of a contract, the contract must be sufficiently definite on material terms.” Id. at (¶ 8) (citing Leach v. Tingle, 586 So.2d 799, 802 (Miss.1991)). “A contract is sufficiently definite ‘if it contains matter which will enable the court under proper rules of construction to ascertain its terms.’ ” Id. (quoting Leach, 586 So.2d at 802). “If any essential terms are left unresolved, then no contract exists.” Id. “The purchase price is an essential term that must be stated with specificity or the contract fails.” Id. Further, “an option contract which does not set forth a price is unenforceable.” Estate of Smith v. Samuels, 822 So.2d 366, 369 (¶ 7) (Miss.Ct.App.2002). “Purchase price is an absolute requisite for the remedy of specific performance,” and “the absence of a purchase price is fatal.” Duke v. Whatley, 580 So.2d 1267, 1275 (Miss.1991). “Without some written evidence of purchase price or a method of determining a purchase price, then the agreement would have to be regarded as merely a memorandum of intent.” Id. at 1273 (emphasis added). “This does not mean that the price must be set out simply.” Leach, 586 So.2d at 803. “Where, from the terms of the contract, one familiar with elementary principles of mathematical reasoning may de *358 duce with certainty the sales price, the contract will not fail.” Id.
¶21. In the this case, the option-to-purchase provision reads as follows:
OPTION TO PURCHASE: At the conclusion of the term hereof or upon the death of Sylvester Crow or Martha Crow, whichever shall occur first, the LESSEES shall have the option to purchase said property for a fair market value as determined by appraisal by a licensed real estate appraiser or such other term as the parties may negotiate between themselves, which option shall be first evidenced by a written notice from LESSEES to the succeeding LESSORS with proof of the appraisal and evidence of the ability to exercise same or with such offer as the LESSEE may choose to make to LESSORS and if less than the appraised value to be then accepted in writing or rejected in writing by the LESSORS within sixty (60) days, at which instance the Option shall be for the appraised value and if the LESSEES have not secured an appraisal then LESSOR may do so in substitute same by giving a copy of same to the LESSEES, who shall pay said amount as the sales price unless they reject same within ten (10) days of receipt thereof, at which time the Option to Purchase shall cease and it shall cease if it has not been exercised within the sixty (60) days of the first right of option at the conclusion of the Lease or the death of one of the LESSORS.
¶ 22. Here, the agreement specifies that the purchase price is the “fair market value as determined by appraisal by a licensed real estate appraiser.” Thus, the agreement specifies a method for determining a purchase price, and the agreement is enforceable. See 77 Am.Jur.2d Vendor and Purchaser § 38 (2012) (noting that “[a]n option to purchase at a price to be fixed by third persons acting as appraisers or arbitrators is valid.”); 49 Am. Jur. Landlord and Tenant § 301 (2012) (noting that “[a] provision for the price of property to be fixed by arbitrators is enforceable[,] and a provision making the price of land under an option ‘based’ on a specified appraisal is also enforceable.”). Because there is a method for determining the purchase price, and because the four corners of the contract are clear and unambiguous, I would affirm the chancery court’s order granting specific performance and enforce the contract as the chancery court determined.
IRVING, P.J., ROBERTS AND FAIR, JJ., JOIN THIS OPINION.