**[Cite as *Warthog Mgt., L.L.C. v. Fares*, 2024-Ohio-2065.]**

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WARTHOG MANAGEMENT LLC,      :

     Plaintiff-Appellant,      :

                                       No. 112905
            v.                :

JORDAN HK FARES, ET AL.,      :

     Defendants-Appellees.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 30, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-940831

---

### *Appearances:*

Law Offices of Robert A. Wood and Robert A. Wood, *for appellant*.

Tayeh Law Offices, LLC, and Ziad Tayeh, *for appellees* Jordan HK Fares and Angela R. Spano.

Benesch Friedlander Coplan & Aronoff LLP and Michael J. Meyer, *for appellees* Jeffrey Mohr and Steven Szczepinski.

MICHELLE J. SHEEHAN, J.:

{¶ 1} The issue in this case is when was earnest money due and payable pursuant to a residential real estate purchase agreement. The trial court held the purchase agreement required the earnest money to be paid upon execution of the agreement and that the failure to timely pay the earnest money breached the purchase agreement. We agree.

## RELEVANT FACTS AND PROCEDURAL HISTORY

{¶ 2} Warthog Management LLC ("Warthog") appeals the trial court's grant of summary judgment to Jordan Fares and Angela Spanos ("Sellers") on Warthog's claims that Sellers breached a residential real estate purchase agreement and against its declaratory judgment action seeking to enforce the purchase agreement. Warthog also appeals the grant of summary judgment in favor of Jeffrey Mohr and Steven Szczepinski ("Buyers") as to their declaratory judgment action to enforce a subsequent purchase agreement. Because the trial court properly granted summary judgment, we affirm.

## The Purchase Agreement

{¶ 3} The following facts are undisputed. By October 23, 2020, Warthog and Sellers finalized a purchase agreement for real property located on W. 18th Street, Cleveland, Ohio. The purchase agreement provided Warthog would pay $38,000 for the property, with $5,000 earnest money payable to Fidelity National Title. It further provided that all closing funds due under the purchase agreement

and documents would be placed in escrow by December 1, 2020. The purchase price and earnest money were documented in the purchase agreement form as follows:

PRICE: Buyer shall pay the sum of..................................................$ ~~25,000~~ $38,000

Earnest money payable to Fidelity National Title _____ in the amount of $ 5,000

In the form of a ☐check ☐other: _____ which shall be redeemed immediately upon receipt of a binding agreement (as defined on lines 216-224) and ☐ _____

Balance of cash to be deposited in escrow........................................$ 20,000

Mortgage loan to be obtained by Buyer................................................$ _____

☐ Conventional, ☐FHA, ☐VA, ☑Other Cash _____

{¶ 4} Warthog did not pay the earnest money due under the purchase agreement when the agreement was signed.

{¶ 5} On October 28, 2020, Sellers entered into a conditional purchase agreement with Buyers for the property, which agreement was for a sum of $65,000. On October 29, 2020, Sellers through their agent contacted Warthog's representative regarding the earnest money. Sellers' agent said that if the earnest money was not delivered by the end of the day, Sellers would execute a mutual release of the purchase agreement. Warthog's representative replied that the earnest money would be delivered the next day. Sellers then sent a copy of a signed mutual release of the purchase agreement to Warthog. Warthog's representative delivered a check for the earnest money, but the check was made payable to "Fidelity National Bank" not "Fidelity National Title" as required in the purchase agreement. That evening, Sellers informed Warthog's representative that they considered the purchase agreement to be breached by Warthog and cancelled the transaction. On

the next day, October 30, 2020, Warthog delivered another check for the earnest money that was made payable to "Fidelity National Title."

{¶ 6} On November 9, 2020, Sellers and Buyers amended their purchase agreement to remove the conditional status. On November 30, 2020, Warthog delivered $31,227.89[1] to escrow, but the Sellers did not accept the funds or transfer the property to Warthog under the purchase agreement. On December 3, 2020, Warthog filed its complaint.

## Procedural History

{¶ 7} Warthog's complaint made claims of breach of contract against Sellers and several other defendants. Warthog also sought specific performance of the purchase agreement between it and Sellers. During the course of litigation, Warthog amended its complaint to include claims against Buyers. Buyers filed a counterclaim asserting a claim of tortious interference with contract against Warthog. In its final amended complaint, Warthog, having dismissed all other defendants, alleged that Sellers breached the purchase agreement, sought declaratory judgment that the purchase agreement between it and Sellers was valid and enforceable, and prayed for specific performance of the purchase agreement. After Warthog dismissed its claims against Buyers, Buyers' counterclaim remained pending.

---

[1] Warthog calculated this amount as being the balance of the purchase price after deducting credit for the earnest money and adjusting for taxes and closing costs.

{¶ 8} During the course of the litigation, money Warthog paid was deposited by the escrow agent with the trial court. On March 23, 2021, Warthog moved the trial court for release of the funds. The trial court granted the motion conditionally stating that should Warthog dismiss its request for specific performance of the purchase agreement and injunctive relief, the court would order the funds to be released to Warthog.

{¶ 9} By September 19, 2022, Warthog, Sellers, and Buyers each filed motions for summary judgment on their respective claims. On May 25, 2023, the trial court granted summary judgment in favor of Sellers and Buyers and denied Warthog's motions for summary judgment on its breach-of-contract claim and declaratory judgment action.

**The Trial Court's Summary Judgment Ruling**

{¶ 10} In granting summary judgment in favor of Sellers and Buyers, the trial court found that the earnest money was due immediately upon execution of the purchase agreement and that Warthog "breached the purchase agreement with [Sellers] by failing to pay the earnest money deposit 'payable to fidelity national title in the amount of $5,000 in the form of [check box] check [check box] other [blank line] which shall be redeemed immediately upon receipt of a binding agreement.'" Further, the trial court found that because Warthog was in breach of the purchase agreement it could not seek specific performance of the purchase agreement.

{¶ 11} After determining Warthog breached the purchase agreement, the trial court determined that Sellers' agreement with Buyers was valid and that Buyers

became "the rightful purchasers of the property following Warthog's breach and [Sellers'] rightful termination of the agreement." The trial court also granted summary judgment in favor of Warthog as to Buyers' counterclaim for tortious interference.

## Disposition of the Money Paid by Warthog

{¶ 12} On June 6, 2023, after the trial court ruled on the motions for summary judgment, Warthog filed a motion for release of the money held by the trial court. On June 21, 2023, the trial court granted Warthog's motion, noting that the motion was unopposed. Warthog filed a notice of appeal two days later, on June 23, 2023.

## LAW AND ARGUMENT

## Warthog Did Not Waive Its Right to Appeal

{¶ 13} On October 25, 2023, Sellers filed a motion to dismiss Warthog's appeal, which was referred to the merit panel. Sellers argue that Warthog, by filing a motion for release of the money held by the court, abandoned its claims under the complaint for specific performance and thus waived its right to appeal.

{¶ 14} In 2021, Warthog sought return of the funds that had been deposited by the escrow agent with the clerk of courts. At that time, the trial court conditionally granted the motion, stating "should [Warthog] dismiss" its claims, then it would order the release of the funds. Sellers do not argue this order was a final, appealable order or judgment. As such, the trial court's ruling was an interlocutory order, which could later be amended, modified, or changed. *See*

*Hoenigman v. Ruiz*, 8th Dist. Cuyahoga No. 109888, 2021-Ohio-2029, citing *Marc Glassman, Inc. v. Fagan*, 8th Dist. Cuyahoga No. 87164, 2006-Ohio-5577. ¶ 11.

{¶ 15} After the trial court issued its ruling on summary judgment against Warthog and disposed of Warthog's claims, Warthog filed a new motion for release of the funds. The trial court granted Warthog's new motion unconditionally, removing the condition that it would release the funds only upon Warthog's dismissal of its claims. Because the trial court removed the condition that Warthog dismiss its claims to receive the funds, Warthog did not abandon any of its claims or waive its right to appeal by receiving the funds. We therefore address Warthog's assignments of error.

### Warthog's Assignments of Error

{¶ 16} Warthog's assignments of error read:

1. The trial court erred in denying the Motion for Summary Judgment filed by Plaintiff-Appellant, Warthog Management, Inc. (*improperly named Warthog Management LLC*)("Warthog"), on its claims for breach of contract and declaratory judgment.

2. The trial court erred in granting the Motion for Summary Judgment filed by Defendants-Appellees Jordan HK Fares and Angelo R. Spano (collectively, the "Sellers") on Warthog's claims for breach of contract and declaratory judgment.

3. The trial court erred in denying the Motion for Summary Judgment filed by Warthog on the counterclaim for declaratory relief asserted by Defendants-Appellees Jeffrey Mohr and Steven Szczepinski (collectively, the "Second Buyers").

4. The trial court erred in granting the Motion for Partial Summary Judgment filed by the Second Buyers on their counterclaim for declaratory relief.

**Relevant Law and Standards of Review**

{¶ 17} A trial court's grant of summary judgment is reviewed de novo. *Santiago v. Costanzo*, 8th Dist. Cuyahoga Nos. 110339 and 110343, 2022-Ohio-611, ¶ 17, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate when the record presented provides:

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, L.L.C.,* 8th Dist. Cuyahoga No. 110060, 2021-Ohio-4131, ¶ 19, citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club,* 82 Ohio St.3d 367, 696 N.E.2d 201 (1998). "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 8th Dist. Cuyahoga No. 106448, 2018-Ohio-5171, ¶ 17, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the party moving for summary judgment has the initial burden, then the nonmoving party has the burden

to set forth specific facts that there remain genuine issues of material fact that would preclude summary judgment. *Id*.

{¶ 18} A trial court's determination of matters of law in a declaratory judgment action is reviewed under a de novo standard of review. *Brown v. Brown*, 2017-Ohio-8938, 102 N.E.3d 72, ¶ 20 (3d Dist.). *Meehan v. Meehan*, 2023-Ohio-2772, 222 N.E.3d 112, ¶ 11 (8th Dist.) However, Warthog sought the remedy of specific performance in both its claim for breach of contract and its claim for declaratory judgment. A trial court's grant of summary judgment as to equitable relief is reviewed on appeal for an abuse of discretion. *Fry v. Speelman*, 9th Dist. Wayne No. 18AP0012, 2019-Ohio-585, ¶ 18; *Checkers Pub, Inc. v. Sofios*, 2016-Ohio-6963, 71 N.E.3d 731, ¶ 20 (6th Dist.).

## Warthog Breached the Purchase Agreement

{¶ 19} In the first and second assignments of error, Warthog argues it did not breach the purchase agreement and, as such, the trial court erred in ruling upon the motions for summary judgment. In the third amended complaint, Warthog alleged Sellers breached the purchase agreement, sought a declaratory judgment that the purchase agreement was valid and enforceable, and sought specific performance of the purchase agreement.

> In a declaratory judgment action, R.C. 2721.03 and 2721.04 provide that a party to a written contract is entitled to have the construction and validity of that contract determined by a court and the party may obtain a declaration of rights, status, or other legal relations under it.

*Drs. Kristal & Forche, D.D.S., Inc. v. Erkis*, 10th Dist. Franklin No. 09AP-06, 2009-Ohio-5671, ¶ 18. By seeking declaratory judgment, Warthog asked the trial court to interpret the terms of the purchase agreement and order specific performance.

{¶ 20} In *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 51, 544 N.E.2d 920 (1989), paragraph one of the syllabus, the Ohio Supreme Court held that

> [i]n interpreting a contract, a court is to give effect to the language in the contract. Where the parties following negotiation make mutual promises which there-after are integrated into an unambiguous contract duly executed by them, courts will not give the contract a construction other than that which the plain language of the contract provides.

{¶ 21} Further, the trial court is to give common words in a contract their ordinary meaning unless "'some other meaning is clearly evidenced from the face or overall contents of the instrument.'" *Id.* at 54, quoting *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E. 2d 146 (1978), paragraph two of the syllabus.

{¶ 22} Warthog argues that the trial court's construction of the purchase agreement was errant because the form used included spaces and boxes for check marks that would detail how the earnest money was to paid and in what form. Further, Warthog argues that the payment of earnest money was not a material term to the contract and that by eventually paying the earnest money, it substantially complied with the purchase agreement and was entitled to specific performance.

{¶ 23} By arguing that there is meaning and intent in the purchase agreement by the absence of check marks, Warthog asks us to ignore the words in

the purchase agreement and interpret words not included. A court is to give meaning to the plain language in a contract, not the absence of language. *Aultman Hosp. Assn.,* 46 Ohio St.3d 51, at paragraph two of the syllabus. In this regard, we find, as did the trial court, that the plain language of the purchase agreement required the payment of earnest money immediately by stating it "shall be redeemed immediately upon receipt of a binding agreement." Moreover, because the payment of a specific amount of earnest money was included in the purchase agreement, we are not persuaded by Warthog's argument the payment of earnest money was not a material term.

{¶ 24} It is undisputed that Warthog did not deposit, or attempt to deposit, the earnest money immediately upon executing the purchase agreement. Warthog argues that because it eventually paid the earnest money, it substantially complied with the purchase agreement. However, by failing to pay the earnest money immediately, it was in breach of a material term of the purchase agreement. Accordingly, the trial court properly found that Warthog was in breach of the purchase agreement. Summary judgment in favor of Sellers, and against Warthog, as to Warthog's claim Sellers were in breach of the purchase agreement was properly entered. And because Warthog breached the contract, Buyers were entitled to summary judgment as to the validity of their purchase agreement with Sellers.

{¶ 25} Warthog sought specific performance of the purchase agreement. This court has held that specific performance is an equitable remedy and stated:

Specific performance is defined as the "remedy of performance of a contract in the specific form in which it was made, or according to the precise terms agreed upon." Black's Law Dictionary (5th Ed.1979) 1024. "A decree for the specific performance of a contract is not a matter of right, but of grace, granted on equitable principles, and rests in the court's sound discretion * * * [A] plaintiff, in order to prevail in an action for specific performance, must show that he was *ready, willing, able and eager* to perform his obligations." *Green, Inc. v. Smith* (1974), 40 Ohio App.2d 30, 39. Courts do not allow the remedy of specific performance where the party requesting it has failed to fulfill any prerequisites of performance under the agreement. *Luttrell v. Luttrell* (1965), 4 Ohio App.2d 303, 305; *D'Amato v. Bentley Consultants* (Dec. 22, 1988), Cuyahoga App. No. 54465, unreported.

(Emphasis sic.) *Hunting Valley Builders, Inc. v. Women's Fed. Savs. Bank*, 8th Dist. Cuyahoga No. 57439, 1990 Ohio App. LEXIS 3669, 16-17 (Aug. 23, 1990). Warthog breached the terms of the purchase agreement. As such, we cannot say the trial court abused its discretion by granting summary judgment to Sellers on Warthog's claims for declaratory judgment and specific performance. Further, because the trial court found that Warthog was not entitled to declaratory judgment as to the purchase agreement, the trial court properly granted Buyers' motion for summary judgment.

{¶ 26} The first, second, third, and fourth assignments of error are overruled.

## CONCLUSION

{¶ 27} Warthog was in breach of the purchase agreement by not immediately paying the required earnest money. Because of this, the trial court's denial of Warthog's summary judgment motion and grant of Sellers' and Buyers' motions for summary judgment were proper.

{¶ 28} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
LISA B. FORBES, J., CONCUR