[Cite as *Young v. Hampton*, 2024-Ohio-6081.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| NATALIE YOUNG | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2024 CA 00043 |
| REBECCA HAMPTON, Executor of<br>The Estate of Thomas E. Hampton, et al., | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of Common Pleas, Probate Division, Case No. 2022-0307 A


JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 30, 2024


APPEARANCES:


For Plaintiff-Appellant

NATALIE YOUNG
P.O. Box 211
Pataskala, Ohio 43062

For Defendants-Appellees

SAMUEL A. SEEDS
Hayes Law Offices, Inc.
P.O. Box 958
Pataskala, Ohio 43062

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Natalie Young appeals the April 11, 2024 Entry Ordering Private Sale entered by the Licking County Court of Common Pleas, Probate Division, which ordered a sale of real property owned by the Estate of Thomas E. Hampton ("the Estate"). Plaintiff-appellee is Rebecca Hampton, Executor of the Estate.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellee is the daughter of Thomas E. Hampton ("the Decedent") and the Executor of the Estate. The Estate owns real property located at 10039 Taylor Road, SW, Etna, Licking County, Ohio ("the Real Property"). On April 4, 2023, Appellee and Alan Coleman ("Coleman"), by and through his company, Capital City Property Solutions and Marketing, LLC ("Capital City"), entered into a real estate purchase agreement whereby Capital City would purchase, renovate, and sell the Real Property to a third party through an assignment of the current contract or through a wholly separate secondary sale. The agreement provided for a closing date on or before September 30, 2024. In addition, if the Real Property was not sold within 18 months of the closing date, Capital City would return possession thereof to Appellee.

**{¶3}** On July 7, 2023, Capital City executed a contract with Appellant for the sale of the Real Property for $340,000.00, with a closing date of August 18, 2023. Appellant subsequently hired Attorney Allen Aimar to prepare an Amended Purchase Agreement, which was executed on August 15, 2023. The Amended Purchase Agreement required Appellant to make a down payment of $10,000.00, to Capital City. In addition, the Amended Purchase Agreement set a new closing date of September 29, 2023, and indicated closing was contingent upon Appellant selling her own home. Coleman signed

the Amended Purchase Agreement on behalf of the Estate despite the fact Appellee was not consulted. Appellant did not pay the full down payment nor did she sell her home.

**{¶4}** The Amended Purchase Agreement between Appellant and Capital City expired by its own terms on September 29, 2023. Neither Appellee, in her capacity as Executor of the Estate, nor Capital City executed an extension of the Amended Purchase Agreement. Appellant engaged Attorney Tony Clymer to assist her in completing the purchase of the Real Property. Appellee attempted to resolve the issue by offering Appellant a right of first refusal to purchase the Real Property upon completion of the renovations. In exchange, Appellee requested Appellant sign a waiver of her right to bring a civil action against Appellee. Despite Appellee providing Appellant with several drafts of such an agreement, an agreement was never reached. The documents presented by Appellant in her Brief to this Court do not include the signatures of both parties.

**{¶5}** On November 21, 2023, Appellee, in her capacity as Executor of the Estate, filed a complaint for authority to sell the Real Property, naming the Licking County Treasurer; the Ohio Department of Taxation; Huntington National Bank; 161 Kings, LLC; Coleman aka Capital City; and Appellant as defendants. All of the defendants had an interest, potential interest, or alleged interest in the Real Property. Appellant has proceeded pro se throughout the pendency of this matter.

**{¶6}** On January 9, 2024, Appellee filed a combined motion seeking default judgment against 161 Kings, LLC, and Coleman, aka Capital City, and summary judgment against the remaining defendants. With respect to the motion for summary judgment against Appellant, Appellee explained Appellant "alleges an interest in the subject Real Property by virtue of a purchase contract dated August 15, 2023, that expired on

September 29, 2023." January 9, 2024 Combined Motion of Plaintiff for Default Judgment and Summary Judgment at p. 3, unpaginated. Appellee continued, Appellant "has repeatedly alleged that she either maintains the right to purchase the Real Property despite the expiration of said contract or possesses an option to purchase said Real Property." *Id.* Appellee concluded she was entitled to summary judgment against Appellant as Appellant "does not have an express right to purchase the Real Property nor does she hold a valid option to purchase or right of first refusal over the Real Property." *Id.* at p. 6, unpaginated.  Appellee added no party presented substantiated evidence or documentation establishing Appellant held such a right.

{¶7}    Appellant filed a pro se Objection and Answer to Plaintiffs [sic] Combined Motion for Default Judgment and Summary Judgment on January 22, 2024, countering she committed to the purchase of the Real Property, but she could not take possession of the Real Property as it was not legally habitable on the promised date of September 29, 2023.   After the trial court granted her an extension of time, Appellee filed a reply in support of her motion for summary judgment on February 20, 2024.  Therein, Appellee asserted Appellant's "Objection and Answer is comprised entirely of factual allegations that are not supported by affidavit indicating personal knowledge and are therefore not in compliance with Civil Rule 56." Reply of Plaintiff in Support of Summary Judgment Motion at p. 1, unpaginated.

{¶8}    Via Entry Ordering Private Sale issued April 11, 2024, the trial court ordered Appellee to sell the Real Property.  The trial court found the sale of the Real Property was necessary to pay the debts of the Estate.  The trial court further found Appellant did not

hold an exclusive right to purchase the Real Property, and did not hold a valid right of first refusal or an option to purchase.

{¶9} Appellant filed a timely Notice of Appeal from the April 11, 2024 entry. Appellant did not set forth any potential assignments of error, but included three statements under the heading "Argument," which we shall consider as assignments of error:

I. FAILURE TO RULE ON FIRST RIGHT TO REFUSE

II. VALIDITY OF THE SALE

III. BREACH OF CONTRACT

*Standard of Review*

{¶10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶11} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary

judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶12} It is well established the party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996): "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150 (1974).

I

**{¶13}** In her first assignment of error, Appellant contends the trial court failed to rule of her request for a right of first refusal. We disagree.

**{¶14}** In its April 11, 2024 Entry Ordering Private Sale, the trial court specifically found, "[Appellant] does not hold an exclusive right to purchase the real estate, *nor doe [sic] she hold any valid right of first refusal* or option to purchase the real estate." (Emphasis added.) *Id.* at p. 1, unpaginated.

**{¶15}** Despite the trial court's finding, Appellant asserts she holds a right of first refusal as such option is "a contractual right" to which she was legally entitled to because she paid a deposit.

**{¶16}** "A valid contract consists of an offer, acceptance, and consideration." (Citation omitted.) *Motorists Mut. Ins. Co. v. Columbus Fin., Inc.*, 2006-Ohio-5090, ¶ 7 (10th Dist.). "A meeting of the minds as to the essential terms of the agreement is a requirement to enforcing the contract." (Citation omitted.) *Id.* A contract is not valid without a meeting of the minds. *Id.* at ¶ 9.

**{¶17}** Neither the July 7, 2023 contract between Capital City and Appellant nor the Amended Purchase Agreement included a right of first refusal. When the Amended Purchase Agreement between Appellant and Capital City expired by its own terms on September 29, 2023, the agreement was not extended. Appellant subsequently hired Attorney Tony Clymer to assist her in completing the purchase of the Real Property. In an attempt to resolve the issue, Appellee offered Appellant a right of first refusal to purchase the Real Property upon completion of the renovations. In exchange, Appellee requested Appellant sign a waiver of her right to bring a civil action against Appellee. Appellee provided Appellant with several drafts of such an agreement, but an agreement

was never reached. Appellant would not agree to the waiver provision. Instead, Appellant executed an earlier, unrevised copy of the right of first refusal, ignoring the modified version with the waiver provision which counsel for Appellant received from Appellee.

**{¶18}** Under the totality of the circumstances, we find the parties did not have a "meeting of the minds" with regard to the right of first refusal. Accordingly, Appellant and Appellee did not have a valid contract, and Appellant did not maintain a right of first refusal.

**{¶19}** Appellant's first assignment of error is overruled.

II

**{¶20}** In her second assignment of error, Appellant appears to argue the purchase agreement between herself and Capital City constituted a valid sale. Appellant explains Appellee, in her capacity as Executor of the Estate, obtained court approval to sell the Real Property. Appellant concludes because the trial court granted Appellee such authority, "the sale was valid and binding." Brief of Appellant at p. 5.

**{¶21}** Contrary to Appellant's assertions, neither the July 7, 2023 contract between Appellant and Capital City nor the Amended Purchase Agreement constituted a completed sale. A purchase agreement signed by both the buyer and the seller creates a binding contract. See, *White v. Nemastil*, 29 Ohio App.3d 1, 4 (8th Dist. 1985). The Amended Purchase Agreement between the parties was a binding contract, it contemplated a sale once the parties met their respective obligations thereunder. It did not complete a sale.

**{¶22}** The Amended Purchase Agreement expired by its own terms on September 29, 2023, due to unsatisfied conditions precedent. Appellant was required to make a

$10,000.00 down payment, which she did not provide. In addition, Appellant's purchase of the Real Property was contingent upon the sale of her own home. She did not sell her home. Further, the Amended Purchase Agreement specifically stated:

> This contract constitutes the entire agreement and there are no representations, oral or written, which have not been incorporated herein. Any amendments to this [c]ontract shall be made in writing signed by the Buyer and Seller. All notices given in connection with this contract shall be made in writing signed by the party giving such notice.
>
> August 15, 2023 Amended Real Estate Purchase Contract, Para. 13.1.

**{¶23}** The terms of the Amended Purchase Agreement were unambiguous. Because the Amended Purchase Agreement expired and conditions precedent were not satisfied, Appellee had the authority to sell the Real Property to a third party, and appropriately sought an order from the trial court to do so. This Court will not, in effect, create a new contract by finding an intent not expressed in the clear language employed by the parties. See, *Lawson Co. v. Davidson Phillips, Inc.*, 5th Dist. Delaware No. No. 98 CA 33, 1998 WL 3898, * 2.

**{¶24}** Appellant's second assignment of error is overruled.

III

**{¶25}** In her final assignment of error, Appellant maintains the trial court erred in failing to order specific performance of the Amended Purchase Agreement.

**{¶26}** "A party seeking specific performance * * * must show performance on his own part pursuant to the terms of the contract." (Citation omitted.) *White v. Nemastil*, 29 Ohio App.3d at 4. "Courts do not allow the remedy of specific performance where the party requesting it has failed to fulfill any prerequisites of performance under the agreement." (Citations omitted.) *Warthog Management LLC v. Fares*, 2024-Ohio-2065, ¶ 25 (8th Dist.).

**{¶27}** By its express terms, the Amended Purchase Agreement required Appellant to make a down payment of $10,000.00, and made closing contingent on Appellant selling her home. Appellant failed to fulfill her obligations under the terms of the Amended Purchase Agreement. Appellant argues the purchase was contingent upon Capital City's completion of the repairs. Completion of the repairs is not a term in the Amended Purchase Agreement. The fact Capital City had not yet completed the repairs did not excuse Appellant's failure to perform her obligations under the Amended Purchase Agreement.

**{¶28}** Based upon the foregoing, Appellant's third assignment of error is overruled.

{¶29} The judgment of the Licking County Court of Common Pleas, Probate Division, is affirmed.


By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur