[Cite as *Univ. School v. M.F.*, 2025-Ohio-170.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

UNIVERSITY SCHOOL,                          :

      Plaintiff-Appellee,              :

                               No. 114060

    v.                                              :

M.F.,                                              :

      Defendant-Appellant.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-966660

---

***Appearances:***

Roberts, Matejczyk & Ita Co., LPA, and Glenna M. Roberts; Gregory V. Mersol, *for appellee.*

Charles Bennett, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant M.F. appeals the trial court's grant of summary judgment to University School. University School filed a complaint to collect amounts owed on enrollment contracts. M.F. admitted the existence of the

contracts and further admitted she breached the contracts, but asserted the defense of impossibility. However, because M.F. did not set forth facts to support the defense of impossibility, University School was entitled to summary judgment and we affirm the trial court's judgment.

## PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} On July 27, 2022, University School filed a complaint to collect money due from M.F. alleging her breach of two enrollment contracts concerning her children, H.F. and C.F. On January 3, 2023, University School filed an amended complaint asserting M.F. entered the enrollment contracts and breached the contracts by failing to give notice of cancellation for the 2021-2022 school year. University School sought damages of $23,249, the amount of tuition, fees, and late charges for the full 2021-2022 academic year. University School attached the enrollment contracts to the amended complaint. The enrollment contracts were to automatically renew, but provided for cancellation as follows:

C. Cancellation

Parents may Cancel this agreement without further obligation by advising the School in writing prior to April 3, 2020 and by the first Monday in April in subsequent renewal years. If enrollment is cancelled after April, 2020, or after the first Monday in April in subsequent renewal years, Parents are obligated to pay the full tuition and fees for the entire Academic years as liquidated damages and not as a penalty.

. . .

E.  Renewal

This Agreement will automatically renew on the same terms for the following Academic Year each year at the same tuition and fees then in effect as set forth in the then Current Financial Information sheet, unless either a) the school of the Parents have given the other written notice of their intention not to renew prior to February 3 of the immediately preceding Academic Year or b) the Student has completed the 12th grade.

M.F. answered the amended complaint on February 22, 2023, admitting that she entered into the enrollment contracts.

{¶ 3}  On June 22, 2023, University School moved for summary judgment. Within the motion, it alleged the enrollment contracts required cancellation by April 5, 2021, and M.F. did not cancel by that date.  University School supported the facts stated in its motion with an affidavit from its business manager who attested to the existence of the enrollment contracts, to the cancellation date of April 5, 2021, that M.F. failed to cancel the contracts by the dates listed, and that she thereafter failed to pay the amounts owed.

{¶ 4}  On July 20, 2023, M.F. filed a brief in opposition to the motion for summary judgment.  Within her brief, M.F. admitted that she did not give notice of her intent to cancel the enrollment contracts by April 5, 2021.  However, M.F. argued she was excused from complying with the terms of the contract because University School breached the enrollment contracts by presenting questionable educational matter to C.F. and H.F. after the cancellation date.  Because of this breach, M.F. asserted that it was impossible to cancel the contracts by April 5, 2021.  M.F.

supported the facts alleged in her brief in opposition through affidavits executed on July 18, 2023, from M.F., her husband J.F., and the minor children, C.F. and H.F.

{¶ 5} On August 21, 2023, University School filed a reply brief and motion to strike the July 18, 2023 affidavits submitted in support of M.F.'s brief in opposition to the motion for summary judgment. University School noted that M.F. admitted she did not comply with the cancellation dates and thus admitted her breach of the enrollment contracts. Further, it moved the trial court to strike the July 18, 2023 affidavits pursuant to Civ.R. 56(E) because they did not state the contents were based on personal or firsthand knowledge, were not notarized, and contained impermissible hearsay and opinion. University School also argued that even if the affidavits were considered as evidence, they do not support M.F.'s claimed defense of impossibility because the affidavits did not indicate any of the questionable educational matter was presented after April 5, 2021.

{¶ 6} In opposition to the motion to strike the affidavits, M.F. thereafter presented amended affidavits from M.F., her husband J.F., and the minor children, C.F. and H.F. The affidavits indicated the original statements were based on personal knowledge and such amended affidavits were notarized. Other than the parties filing affidavits in support of their briefs in opposition to summary judgment, neither party filed any other evidence, such as deposition transcripts, answers to interrogatories, written admissions, transcripts of evidence, or written stipulations of fact.

**{¶ 7}** On May 17, 2024, the trial court granted University School's motion to strike the affidavits of M.F. and her husband J.F. but denied the motion to strike the affidavits of C.F. and H.F. On the same day, the trial court granted University School's motion for summary judgment finding that no genuine issues of material fact existed as to M.F.'s breach of the contracts or to the amount owed. It awarded judgment to University School of $23,249.

**{¶ 8}** M.F. appeals the trial court's judgment granting summary judgment; she did not file an appeal of the trial court's order striking her and her husband's affidavit.

## LAW AND ARGUMENT

**{¶ 9}** M.F. raises a single assignment of error, which reads:

> The trial court erred in granting summary judgment to appellee University School, where issues of fact remain on whether or not appellant's untimely notice of cancellation was justifiable which excused her performance.

**{¶ 10}** M.F. argues that University School was not entitled to summary judgment because there is a genuine issue of material fact as to whether she was excused from performance of the enrollment contracts due to University School's breach and impossibility. She argues the presentation of questionable matter to both C.F. and H.F. was after the deadline to cancel the enrollment contracts. University School argues that it was entitled to summary judgment because it is undisputed that M.F. did not cancel the enrollment contracts by the cancellation date. It further argues that because the trial court struck M.F.'s and J.F.'s affidavits

from the record, M.F. can point to no evidence supporting her defense of impossibility.

{¶ 11} We review the trial court's grant of summary judgment de novo. *Warthog Mgt. LLC v. Fares*, 2024-Ohio-2065, ¶ 17 (8th Dist.). A party is entitled to summary judgment pursuant to Civ.R. 56(C) if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriately granted if the record provides

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, L.L.C.*, 2021-Ohio-4131, ¶ 19 (8th Dist.), citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367 (1998). "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 2018-Ohio-5171, ¶ 17 (8th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If that burden is met, then the nonmoving party has the burden to set forth facts that there remain genuine issues of material fact precluding summary judgment. *Id.*

{¶ 12} A private school may set cancellation dates for the renewal of enrollment contracts and a parent who does not abide by those dates may be liable for breach of contract. *Hawken School v. Machado*, 2024-Ohio-1060, ¶ 41 (8th Dist.). M.F. admitted that she entered into the enrollment contracts with University School and did not cancel those contracts in accord with the contracts' terms. Because of this, University School demonstrated that it was entitled to summary judgment.

{¶ 13} In opposing the motion for summary judgment, M.F. asserted there remained genuine issues of material fact as to her defense of impossibility. She argues that the information presented to H.F. and C.F. in their respective health classes was an unforeseen event that occurred after the enrollment contracts' cancellation dates and, as such, her breach of the contracts was justified. "'Impossibility of performance is an affirmative defense to a breach of contract claim. Impossibility of performance occurs where, after the contract is entered into, an unforeseen event arises rendering impossible the performance of one of the contracting parties.'" *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 2010-Ohio-5597, ¶ 13 (8th Dist.), quoting *Skilton v. Perry Local School Dist. Bd. of Edn.*, 2002-Ohio- 6702 ¶ 26 (11th Dist.).

{¶ 14} Both H.F. and C.F. stated in their respective affidavits that they received information in class regarding gender and sexuality issues that caused C.F. to be "uncomfortable" and H.F. to be "uncomfortable" and "confused," but neither affidavit alleged when those classes occurred. In M.F. and J.F.'s joint affidavit, they

stated, "We cannot help that when we decided to transfer our sons that it was after the contract date, as the lessons that were the final deciding factors were taught later in the school year." However, the trial court struck that joint affidavit. Thus, pursuant to Civ.R. 56, M.F. can only rely on "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action" to show that any genuine issues of material fact exist, and that University School is not entitled to judgment as a matter of law.

{¶ 15} As to her defense of impossibility, M.F. has the burden to show the existence of some fact or facts in the record that an unforeseen event arose before the cancellation date that rendered her performance of the enrollment contracts impossible. In her appellate brief, M.F. refers us to C.F.'s and H.F.'s affidavits, her brief in opposition to the motion for summary judgment and its within statement of "undisputed facts," and to discovery responses to establish that the material she relies on as an unforeseen event was presented after the cancellation dates.

{¶ 16} Our review of an order granting summary judgment is limited to the types of evidentiary material allowed pursuant to Civ.R. 56. A party's assertion of "undisputed facts" or discovery responses in a brief in opposition to summary judgment must be supported by evidentiary material permitted by Civ.R. 56 to be considered on a motion for summary judgment. *See Fahey Banking Co. v. Grady & Assocs.*, 2024-Ohio-159, ¶ 7 (8thDist.) ("'[T]he movant must be able to point to the evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider

in rendering summary judgment.'"), quoting *Dresher*, 75 Ohio St.3d 280, 292 (1996).

{¶ 17} Our review of the record in this case reveals that the list of "undisputed facts" in M.F.'s brief was not supported by the material that we are permitted to consider on summary judgment. Further, there were no discovery responses timely filed for consideration. As such, the record that we may consider for summary judgment consists of the pleadings in this case and affidavits not struck from the record that were filed with the parties' summary judgment motions and responses.

{¶ 18} After our review of the record, we find that M.F. has not established facts that would support her claimed defense of impossibility. The presentation of the questionable material described in C.F.'s and H.F.'s affidavits that M.F. relies upon as being an unforeseen event, is undated. As such, there is no evidence in the record that it would be impossible for M.F. to have cancelled the enrollment contracts prior to April 5, 2021, regardless of whether C.F.'s or H.F.'s affidavits provide sufficient support that an unforeseen event occurred. Because of this, University School was entitled to summary judgment and the trial court did not err in granting judgment in the amount of $23,249.

{¶ 19} The sole assignment of error is overruled.

## CONCLUSION

{¶ 20} University School was entitled to summary judgment on the debt owed under the enrollment contracts. The record established there was a valid

contract and M.F. breached the contract. M.F. failed to establish any genuine issues of material fact remained regarding M.F.'s defense of impossibility where she failed to show an unforeseen event occurred prior to the date she had to cancel the contracts.

**{¶ 21}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
DEENA R. CALABRESE, J., CONCUR