[Cite as *Leghart v. Schuler Painting, Inc.*, 2026-Ohio-1563.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ROBERT A. LEGHART         :

    Plaintiff-Appellant,      :

    v.                    :

SCHULER PAINTING, INC., ET AL.,  :

    Defendants-Appellants.   :

Nos. 115657 and 115663

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 30, 2026

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-24-107508

---

### *Appearances:*

Nager, Romaine & Schneiberg, David A. Wolfram, and Jana K. Yenyo, *for appellant.*

Dave Yost, Ohio Attorney General, and Donna Thomas, Senior Assistant Attorney General, *for appellee* Ohio Bureau of Workers' Compensation.

Gembala, McLaughlin & Pecora Co., LPA, Stephen M. Bosak, Jr., and Carl M. Felice IV, *for appellee* Schuler Painting, Inc.

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Plaintiff-appellant Robert A. Leghart ("Leghart") appeals from the trial court's orders granting summary judgment in favor of defendants-appellees Schuler Painting, Inc. ("Schuler Painting") and the Ohio Bureau of Workers' Compensation ("the Bureau") (collectively known as "Appellees"). In granting Appellees' motions for summary judgment, the trial court determined that Leghart failed to demonstrate that he was an employee of Schuler Painting at the time he sustained an injury for which he sought compensation. As such, he was not entitled to workers' compensation benefits.

{¶ 2} Leghart appeals the trial court orders granting summary judgment. Having thoroughly reviewed the record and applicable law, we affirm the trial court's judgments.

## I. Procedural History and Relevant Facts

### A. Background

{¶ 3} In June 2022, Leghart sent a text message to Steven Schuler ("Schuler") looking for work. Schuler is the owner and operator of Schuler Painting and has known Leghart for over 30 years. Leghart told Schuler that he was working in Amherst the following day, but that he would be free afterwards. Schuler responded, telling Leghart that he could use his services that week, after Leghart had finished his work in Amherst. Leghart's job in Amherst was unrelated to Schuler Painting.

**{¶ 4}** Leghart began work for Schuler Painting on June 28, 2022, but was never added to Schuler Painting's payroll. Nor did Leghart sign any paperwork prior to beginning work for Schuler Painting.

**{¶ 5}** On June 29, 2022, while doing prep work at the job site, Leghart fell off a rolling scaffold (also known as a perry cart). He fell about four feet, landed on his hip, and injured himself. Leghart drove himself to the hospital, where he was diagnosed with a closed right hip fracture.

**{¶ 6}** On July 1, 2022, Leghart provided an invoice to Schuler Painting for $1,000. Leghart stated that Schuler Painting paid him $1,000, no money was taken out of that check for tax purposes, and Schuler Painting later issued him a Form 1099 for $1,000. Leghart also stated that he never received a W-2 from Schuler Painting for the year 2022.

**B. Procedural History**

**{¶ 7}** On August 5, 2022, Leghart filed a workers' compensation claim with the Bureau. Leghart's claim was denied twice by the Bureau. The hearing officer who heard Leghart's claims specifically noted that Leghart "was an independent contractor on the date of the alleged injury, and not an employee of [Schuler Painting.]"

**{¶ 8}** On February 7, 2023, in Cuyahoga C.P. No. CV-23-975426, Leghart filed a notice of appeal and complaint in the Cuyahoga County Court of Common Pleas from the Bureau's denial. Both Schuler Painting and the Bureau were listed

as defendants. Leghart voluntarily dismissed the case without prejudice on December 4, 2023.

**{¶ 9}** On November 19, 2024, Leghart refiled the case and filed another notice of appeal from the Bureau's denial, along with a complaint in Cuyahoga C.P. No. CV-24-107508. On June 24, 2025, Schuler Painting filed a motion for summary judgment. Leghart filed an opposition to summary judgment on July 21, 2025. Less than a week later, Schuler Painting filed a reply. The Bureau filed its own motion for summary judgment on August 20, 2025. Leghart also opposed the Bureau's motion.

**{¶ 10}** On September 8, 2025, the trial court granted both Schuler Painting's and the Bureau's motions for summary judgment. In doing so, the trial court found that Leghart "was not an employee, rather an independent contractor, at the time of the injury" and dismissed the case.

**{¶ 11}** Leghart filed notices of appeal in 8th Dist. Cuyahoga Nos. 115657 and 115663, from each of the trial court's orders granting summary judgment. We consolidated both appeals for the purposes of briefing, hearing, and disposition.

**{¶ 12}** Leghart raises the following assignment of error for our review:

> The trial court erred in granting [Schuler Painting's and the Bureau's] Motion[s] for Summary Judgement when genuine issues exist as to material facts regarding whether [Leghart] was an employee or an independent contractor of [Schuler Painting] at the time of his industrial injury.

## II. Law and Argument

{¶ 13}   To participate in the workers' compensation system, a claimant must first demonstrate that he or she sustained their injury in the course of and arising out of their employment. *See State ex rel. Liposchak v. Indus. Comm.,* 90 Ohio St.3d 276, 279 (2000). The trial court determined that Leghart was not an employee, but rather an independent contractor at the time he sustained his injury. Thus, the salient question before us for the purpose of this appeal is whether there exists a genuine issue of material fact as to whether Leghart was an employee of Schuler Painting at the time he sustained his injury or an independent contractor.

### A.   Summary Judgment Standard

{¶ 14}   An appellate court reviews a trial court's grant of summary judgment de novo. *Tatarunas v. Progressive Cas. Ins. Co.,* 2025-Ohio-4372, ¶ 20 (8th Dist.), citing *Warthog Mgmt. LLC v. Fares,* 2024-Ohio-2065, ¶ 17 (8th Dist.). Pursuant to Civ.R. 56(C), a party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales,* 2018-Ohio-5171, ¶ 17 (8th Dist.), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 292 (1996). If the party moving for summary judgment satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth

specific facts showing there is a genuine issue for trial and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher* at 293.

{¶ 15} Summary judgment is appropriate where the record provides (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Univ. School v. M.F.,* 2025-Ohio-170, ¶ 11 (8th Dist.), quoting *Bohan v. McDonald Hopkins, L.L.C.,* 2021-Ohio-4131, ¶ 19 (8th Dist.), citing *Horton v. Harwick Chem. Corp.,* 73 Ohio St.3d 679 (1995), paragraph three of the syllabus.

### B. Applicable Law — Employee v. Independent Contractor

{¶ 16} In Ohio, the primary test used to determine whether a person is an employee or an independent contractor is "if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to the one who is responsible to the employer only for the result, an independent contractor relationship is created." *Casey v. Erie Ins. Co.,* 2020-Ohio-4067, ¶ 39 (8th Dist.), quoting *Bobik v. Indus. Comm.,* 146 Ohio St. 187, 191 (1946). Thus, "[i]f such right is in the employer, the relationship is that of employer and employee; but if the manner or means of performing the work is left to one responsible to the employer for the result alone, an independent contractor relationship is created." *State v. ex*

*rel. Nese v. State Teachers Retirement Bd. of Ohio,* 2013-Ohio-1777, ¶ 33. Nonetheless, the Ohio Supreme Court has recognized that "as a practical matter, every contract for work reserves to the employer a certain degree of control to enable him to ensure that the contract is performed according to specifications." *Id.* at ¶ 34, citing *Gillum v. Indus. Comm.,* 141 Ohio St. 373, 382 (1943).

{¶ 17} In determining who maintains the right to control the work, we look at the facts of each case individually. The Ohio Supreme Court has provided us with a nonexhaustive list of factors to consider, including (1) who controls the details and quality of the work, (2) who controls the hours worked, (3) who selects the materials, tools and personnel used, (4) who selects the routes travelled, (5) the length of employment, (6) the type of business, (7) the method of payment, and (8) any pertinent agreements or contracts. *State ex rel. Nese* at ¶ 35, citing *Bostic v. Connor,* 37 Ohio St.3d 144, 146 (1988).

C. **Analysis**

{¶ 18} It is undisputed that prior to beginning work for Schuler Painting, Leghart never (1) signed a Form I-9, (2) provided a driver's license or any documents to Schuler Painting establishing his eligibility to work in the country, (3) executed a Form W-4, (4) received an employee handbook, or (5) received any employee benefits, including health insurance. Following the conclusion of this work, Leghart provided an invoice to Schuler Painting for $1,000, which Schuler Painting paid. While Leghart claimed in his deposition that Schuler Painting asked him to submit an invoice, Leghart confirmed that no money had been taken out of the $1,000 check

he received from Schuler Painting. Each of these facts support the finding that Leghart was not hired as an employee of Schuler Painting.

{¶ 19} Further, according to the text messages between Leghart and Schuler prior to beginning work, Schuler indicated that he would need Leghart's help for the "rest of the week." And Leghart testified that he only worked a total of approximately ten hours that week. There was no indication within these text messages demonstrating that Leghart would continue working with Schuler Painting after that week. This short length of time to which the parties agreed and for which Leghart submitted an invoice to Schuler Painting, further indicates that the parties intended the relationship to be temporary, rather than a permanent employer-employee relationship.

{¶ 20} Leghart also confirmed that Schuler Painting issued him a Form 1099 for $1,000. The Form 1099 was made out to Robert Leghart Painting, LLC. And Leghart also confirmed that he never received a W-2 from Schuler Painting for the year 2022. And while Leghart testified that he believed he was a Form W-2 employee of Schuler Painting at the time, he never contacted the IRS to correct Schuler Painting's issuance of a Form 1099. The Ohio Supreme Court has recognized that a worker in receipt of a Form 1099 rather than a W-2 supports a finding that the worker was an independent contractor. *State ex rel. Ugicom Ents. v. Morrison,* 2022-Ohio-1689, ¶ 23, citing *Northeast Ohio College of Massotherapy v. Burek,* 144 Ohio App.3d 196, 203-204 (7th Dist. 2001) (recognizing that "[t]he use of [Form 1099s] typically suggests that the parties were not acting in an

employer/employee relationship, but rather in that of an independent contractor relationship").

{¶ 21} Furthermore, Leghart's medical records were also introduced. The records indicate that Leghart advised the treating physician that "he is self-employed." Nonetheless, Leghart testified that he was "sure [he] never said that."

{¶ 22} Notwithstanding the undisputed facts and exigent evidence presented by the Appellees in their respective motions for summary judgment, Leghart claims that both parties intended for him to be hired as an employee of Schuler Painting. However, when a moving party for summary judgment meets its initial burden demonstrating that they are entitled to a judgment in their favor, the nonmoving party (Leghart) "assumes a reciprocal obligation to point to specific facts in the record showing a genuine issue of material fact for trial." *S. Shore Lake Erie Assets & Operations, L.L.C. v. Johnson,* 2025-Ohio-5043, ¶ 23 (8th Dist.), citing *Dresher,* 75 Ohio St.3d at 293. In doing so, we recognize that "a nonmovant's own self-serving assertions, whether made in an affidavit, deposition, or interrogatory responses, cannot defeat a well-supported summary judgment motion when not corroborated by any outside evidence." *Lucas v. Perciak,* 2012-Ohio-88, ¶ 16 (8th Dist.), citing *N. Eagle, Inc. v. Kosas,* 2009-Ohio-4042, ¶ 26 (8th Dist.). *Accord S. Shore Lake Erie Assets & Operations, L.L.C.,* at ¶ 38.

{¶ 23} When opposing the Appellees' motions for summary judgment, Leghart did not produce any outside evidence corroborating his claims that he was either an employee of Schuler Painting or that the parties intended him to be hired

as an employee. Rather, the only evidence Leghart presented in support of his position is his own self-serving deposition testimony. Thus, he failed to demonstrate a genuine issue of material fact concerning whether he was an employee of Schuler Painting at the time he was injured. Without any additional evidence in support, the statements Leghart provided in his deposition are insufficient to meet his reciprocal burden on summary judgment. *See S. Shore Lake Erie Assets & Operations, L.L.C.,* at ¶ 38 (holding that failure to produce any supplemental evidence outside his own assertions made in an affidavit, deposition, or interrogatory responses, the plaintiff failed to meet his reciprocal burden to demonstrate a genuine issue of material fact exists).

{¶ 24} For these reasons, after conducting a de novo review of the trial court's judgments, we determine that Leghart was an independent contractor working for Schuler Painting at the time of the injury. Leghart failed to demonstrate that there existed a genuine issue of material fact concerning this determination. Therefore, the trial court properly granted the Appellees' motions for summary judgment.

## III. Conclusion

{¶ 25} Based on our review of the record and reviewing all of the evidence in a light most favorable to Leghart, we find that he has failed to demonstrate a genuine issue of material fact concerning his status of employment with respect to Schuler Painting. Accordingly, Appellees are entitled to summary judgment as a matter of law.

**{¶ 26}** Judgments affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR